Lindsay *vs.* The Central Railroad and Banking Company.

WILLIAM M. LINDSAY, by his next friend, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

Where a plaintiff sues for damages sustained from having been pushed off a car of defendant, while in motion, by a negro, who emerged from the car and stated that he was in charge of the same; this declaration, unless brought to the knowledge of the defendant or its agents, who had charge of the train at the time, is insufficient to make the defendant liable for the acts of the negro as its servant.  (R.)

Railroads.   Master and servant.   Before Judge COLE. Bibb Superior Court.   October Term, 1871.

For the facts of this case, see the decision.

NISBETS & JACKSON; JOHN B. WEEMS; JOHN RUTHERFORD, for plaintiff in error.

W. K. DeGRAFFENRIED; LYON & IRVIN; JACKSON, LAWTON & BASINGER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for injuries done to the plaintiff by the defendant, in running his cars on his road and forcibly ejecting the plaintiff therefrom.  It appears from the evidence in the record that in the year 1864 the defendant's passenger railroad train was backing slowly into the passenger depot at Macon, when the plaintiff, who was about ten years old, got on the platform of the second car from the rear car, when the train was some forty steps from the depot; that, in a moment or two, a negro man emerged from the car on the platform on which the plaintiff was standing, and asked him what he was doing there?  Plaintiff replied, "Is that anything to you?"  The negro said, "Yes, I have charge of this car," and told plaintiff he must get off; plaintiff told him he would not, and the negro began to shove him off; plaintiff resisted, but the negro succeeded in pushing him

off, and he fell between the cars, was caught on the track and badly injured and maimed by the wheels; did not know the negro who pushed him off; never saw him before, and has never seen him since; did not know whether he was a mulatto or black; does not know that he was an employee of the company, except from the way in which he acted and what he said. The father of the plaintiff testified, that "he was frequently on the railroad, about the depot, during the time testified about; is acquainted with the habits and custom of the Central Railroad in backing from East Macon to passenger depot; that it was their custom to allow no one but employees on the train, and to keep the cars locked until ready to receive passengers, and their rules were particularly stringent in the then condition of the country; it may be that some persons did sometimes get on the train in East Macon and cross the river on the cars." This is all the evidence going to show that the negro who pushed the plaintiff off the car was the employee or servant of the company.

The defendant, as a railroad company, is liable under the law for any damage done to persons by the running of their locomotives, cars or other machinery of their company, or for damage done by any person in the *employment* and *service* of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence—the presumption in all cases being against the company—and the question is, whether the evidence in the record is sufficient, under the law, to make a *prima facie* case of liability against the defendant for the injury complained of? The solution of that question depends entirely on whether there is any *competent* legal evidence to establish the fact that the negro who pushed the plaintiff off of the defendant's train was their employee or servant at the time the act was done. By the common law if a servant, by his negligence, does any damage to a stranger, the master shall answer for his neglect; but the damage must be done whilst he is *actually employed in his master's service;* otherwise the servant shall answer for his own misbehavior. By our law

Lindsay *vs.* The Central Railroad and Banking Company.

every person is liable for *torts* committed by his servant, either by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary. The employer is not responsible for *torts* committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer : Code, sections 2910–2911. To make the railroad company liable in this case there must be some competent legal evidence that the negro who did the injury to the plaintiff on their train was in the employ of the company as *their servant*. The mere fact that he emerged from the car and said I have charge of this car, and pushed the plaintiff off, was not sufficient competent legal evidence to prove that he was *the servant* of the company; he might have been there without authority, in the same manner as the plaintiff was on the platform of the car; his declarations and acts on that occasion, without more, does not, in contemplation of the law, establish the relation of master and servant, so as to make the defendant liable for his conduct. The fact that it was the custom of the company to keep their cars locked, and to allow no one but employees on their trains when backing down to the passenger depot, does not help the matter, especially as there is no evidence that the negro unlocked the car from which he emerged, and that persons might sometimes get on the train at East Macon and cross the river on the cars. The mere declarations and acts of the negro, unless brought to the knowledge of the company or to their agents, who had charge of their train at the time, is not sufficient, under the law, to make the company liable for his acts as their servant. The relation of master and servant must first be established by competent legal evidence in order to make the company responsible for his conduct. There is no evidence that the negro was ever in the employ of the company before the injury was done—a most significant omission, if, indeed, he was their servant at that time. If it had been shown that the negro had possession of the keys to the cars of the train,

or had unlocked the one from which he emerged, or was cleaning out the cars, or doing other acts for the benefit of the company, with the knowledge of the defendant's agents who had control of the train at the time, that would have furnished some evidence from which the law would imply that he was an employee and servant of the company; but to hold the company responsible for his acts as their servant, or to allow a jury to do so under the evidence contained in this record, would be to establish a dangerous precedent which we are unwilling to sanction. We, therefore, affirm the judgment of the Court below on this point made in the case, but express no opinion in relation to the statute of limitations.

Let the judgment of the Court below be affirmed.