## THE CENTRAL RAILROAD *vs.* GLEASON & HARMON.

1. Where a railroad company had a cotton yard which had been planked over for public use in the removal of cotton, it was the duty of the company to keep such yard and flooring in good order for that purpose, to the extent and limit of such use; and if it be made to appear that damage to property has been occasioned by the negligence of the company in not keeping such yard in repair, so as to be safely used by those engaged in the removal of cotton therefrom, the

company would be liable, unless its agents exercised all ordinary and reasonable care and diligence to prevent such damage. If both the company and the property owner, or his agent, were at fault, the doctrine of apportionment of damages would apply.

(*a.*) If the company did keep the yard in proper repair for the purpose of hauling, and the damage occurred by reason of the property owner, or his agent undertaking to use a part of the yard not designed for that purpose, or arose from want of ordinary care to avoid the injury, either in the manner of driving or in his conduct at the time of the injury, there could be no recovery.

(*b.*) The charge of the court in regard to contributory negligence was right as far as it went; but after stating the liability of the company, he should have added that it existed unless the agents had exercised all ordinary and reasonable care and diligence to prevent the injury.

2. One issue being whether the cotton yard was negligently out of repair, there was no error in allowing evidence of repairs which were made at the place where the injury occurred, although made after it happened. Whether they should have been made before or were rendered necessary by the accident, was a question for the jury.

3. The judge of the city court of Savannah has power to hear and determine all civil cases of which said court has jurisdiction without a jury, where no jury is demanded, but it is not obligatory upon him to do so.

January 30, 1883.

Railroads. Damages. Negligence. Actions. Charge of Court. Evidence. Savannah. Before Judge HARDEN. City Court of Savannah. February Term, 1882.

Reported in the decision.

H. C. CUNNINGHAM; A. R. LAWTON, Jr., for plaintiff in error.

CHARLTON & MACKALL; N. C. COLLIER, for defendants.

CRAWFORD, Justice.

This suit was brought to recover damages for the loss of a mule killed in the cotton yard of the Central Rail-

road and Banking Company, through the alleged negligence of said company.   On the trial the jury returned a verdict for the plaintiff for the sum of one hundred and sixty dollars.   A motion was made for a new trial on the several grounds set out therein, which was refused by the court, and the defendant excepted.

The damage sustained by the plaintiff below, as stated, occurred in the cotton yard of the Central Railroad Company in the city of Savannah.   Drays are used to remove the cotton from this yard, and that they may move about in the same easily, it is covered with planking.   There are five tracks running through it, and are known as A, B, C, D, and E, and all of which except E. are covered.   On the day the injury complained of occurred, plaintiff's driver loaded his dray immediately north of D track, where there is usually an open passage-way out, but on account of other drays blocking this way, he drove across D, and the two right wheels of his dray went off the planking just by E track.   That the wheels might rise again upon the planking, he whipped the mules to make them pull; it was just after a rain; the planks were wet and slippery, and one of the mules slipped and fell, catching one of his feet in the open space between the iron rail of the track and the planking which seems to have been left for the flange of the car wheels.   In the effort to extricate the foot caught, he unfortunately got in another, and whilst aid was being rendered to relieve him, he broke it, and soon afterwards died.

·  The testimony further shows that the part unplanked is not intended for the passage of drays, that the planking is not as close to the rails at the point where the injury occurred as at others; that by reason of the dampness there, repairing has to be done oftener, and that the plank was much worn, though it appeared to be new.   The foregoing constitute the material facts shown by the proof.

(1.) The first ground of the motion for a new trial was because the court refused to charge as requested by the

defendant: "If you find that the plaintiffs and defendant were both at fault in this case, however negligent the defendant may have been, yet if the negligence of the plaintiffs or their agents contributed to the injury, they are without remedy, and you must find for the defendant."

(2.) The second was because the court erred in charging the jury: "If you find that both the plaintiffs and defendant are at fault, then you are to consider the circumstances of the case, and apportion the loss between them, according to the amount of negligence attributable to each, and in proportion thereto. The rule of the common law was that if the negligence of the plaintiff contributed to the injury, then he could not recover. But our Code has changed this, and lays it down that although the plaintiff's negligence may have contributed to the injury, yet if the defendant was also negligent, the plaintiff can recover damages in proportion to the amount of 'the blame attributable to the defendant."

1. The real question made by the charge given, and the charge refused is, whether sections 3033, 3034 and 3036 of the Code cover such a case of injury as that disclosed by this record. Though these clauses have been repeatedly under the consideration of this court, they have never been construed, so far as we can find, except in connection with injuries caused by the running of the trains, or for damage actually committed by one then in the employment and service of the road. The case of *Thompson vs. The Central Railroad and Banking Company*, 54 *Ga.*, 509, rules that a railroad company is liable for injuries done by the negligence or misconduct of other employés of the company, whether such injuries are connected with the running of the trains or otherwise. The person, however, who was injured in that case was a switchman and servant of the road; those whose carelessness injured him were also laborers engaged in carrying iron from one point to another in the yard of the defendant at the time of the injury. So that it is different in its facts from the one

v 69—14

before us, in that the damage was done by the employés themselves, and by the negligent manner in which they were performing their work at the time of the injury.

We think that the ruling of the court in that case was fully authorized by section 3033 of the Code.

We find also that in the case of *Lindsey vs. The Central Railroad and Banking Company*, 46 *Ga.*, 448, it was held that damages might be recovered from a railroad company where one had been pushed off its car and injured, if it were shown that the person who did the act was an employé or servant of the company at the time the act was done. See also 58 *Ga.*, 216.

But in this case, whilst we do not decide whether or not the injuries sustained by the plaintiffs below bring them within the right of recovery under the words " or for damage done by any person in the employment and service of such company," inasmuch as the negligence complained of did not occur at the time of the injury, yet we do decide that if it is made to appear by proper proof that they have suffered damage to their property by the negligence of the company in not keeping in proper repair their cotton yard so that the same may be safely used by those who are engaged in the removal of the cotton therefrom, that it would be liable, unless the company should make it appear that their agents had exercised all ordinary and reasonable care and diligence to prevent such damage.

To this conclusion we come, because it has been ruled repeatedly by this court that sections 3033, 3034 and 3036 should be generally construed together, and in doing so reach the full measure of the rights and liabilities of the parties under their provisions.

Taking this view of the case below, we hold that the judge did not err in his refusal to charge as requested by the defendant, nor in the charge given so far as it went, but that he should have added to the same, after stating the law of contributory negligence, that this liability of the company existed unless it should make it appear that

The Central Railroad *vs.* Gleason & Harmon.

their agents had exercised all ordinary and reasonable care and diligence to prevent the injury.

And looking at the fact that this damage was sustained in the cotton yard of the defendant, which had been planked over for public use in the removal of cotton, and which it was the duty of the company to keep in good order for the safety of the public for that purpose, to the extent and limit of such use, yet if this were done and the plaintiffs suffere'd the damage complained of by undertaking to use a part of the yard not designed for that purpose, or by a want of ordinary care to avoid the injury, either in the manner of the driving or the treating the mules at the time of the injury, then they could not recover, and the court should have so charged the jury. 17 *Ga.*, 137 ; 19 *Ga.*, 440 ; 58 *Id.*, 238.

2. Upon the third and fourth grounds of the motion for a new trial, we do not see that the court erred in allowing the plaintiffs to prove the repairs done to the place where the injury was sustained, because such repairs were made after it happened. Whether it shows that they ought to have been made before, or that they were made necessary by the accident, was proper matter for the jury to consider.

3. The only additional ground necessary for us to notice is, whether the authority given to the judge of the city court of Savannah, to hear and determine all civil cases of which said court has jurisdiction, is mandatory upon him where no demand for a jury is made by either of the parties.

If it had been the purpose of the legislature by the act conferring this power, to have required him to try all causes in his court where there was no demand for a jury, then the act would have read : " The judge of said city court shall hear and determine all civil causes of which the said court has jurisdiction. * * * *Provided always*, that either party in any cause shall be entitled to a trial by a jury upon entering a demand therefor, etc." But the act simply says that the judge shall " have power and

authority to hear," etc., which words in our judgment might, and doubtless would have been omitted, had it have been the purpose of the act to repeal the law as it stood before, and have made it the imperative duty of the judge to hear and determine the cases brought to his court wherever a jury was not demanded.

As the words used confer a mere permissive grant of power to the judge, we are unauthorized to extend their meaning and legal effect to the end that they shall be made compulsory upon him.

Judgment reversed.