THE CENTRAL RAILROAD vs. GLEASON & HARMON.

1. A railroad company which owns a warehouse or place of deposit for goods and freight which are to be delivered to consignees stands upon the same footing as to liability for injuries to persons and property, by reason of not having safe and secure roads and ways for ingress and egress to and from such freight, as any other person. Its liability is the same as that of others in like circumstances; no greater and no less.

(a.) This court has held that where a railroad had a cotton yard, it was the duty of the company to keep the yard and flooring in such order for public use as not to occasion damage to property of those who are compelled to use it; and if damage results from the negligence of the company or its agents, it will be liable. If the property owner or his agent and the company were both at fault, the doctrine of apportionment of damages would apply.

2. Where the court has given in charge to the jury principles which are afterwards embodied in separate requests by a party to the case, he is not bound to repeat them.

3. All the issues of fact having been fairly left to the jury and passed upon by them, there being no violation of law in the instructions of the court, and he being satisfied with the finding, this court will not interfere with his discretion in refusing a new trial.

April 19, 1884.

Railroads. Damages. Negligence. Warehouses. Before Judge HARDEN. City Court of Savannah. July Term, 1883.

Gleason & Harmon brought suit against the Central Railroad, to recover for a mule alleged to have been fatally injured by stepping into a crack negligently left by defendant in the flooring of its cotton yard, where this and other dray mules were commonly driven.

This case will be found reported in 69 *Ga.*, 200. On the second trial, the jury found for plaintiffs $175.00, with interest. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to give certain requests in charge in the language requested.

(3.) Because the court charged as follows : " If it is shown that damage occurred on account of this place not being in proper repair, it is for the railroad company to show that it used all ordinary care and diligence in keeping it in repair, as the burden is on them to show it; it is a matter of no importance what witness it is shown by; the burden is on the company, and it is necessary for it to appear."

(4.) Because the court charged as follows: " If he (meaning the driver of the truck) has used diligence (meaning ordinary care and diligence), and if he (meaning plaintiff's property) has been injured, even though it may be to some extent his fault, still the railroad company would be liable, if it were also at fault; but the amount of the damages would be reduced by the amount of negligence on his part; and you should apportion it among the parties according to the amount of fault on each side."

The motion was overruled, and defendant excepted.

LAWTON & CUNNINGHAM, for plaintiff in error.

CHARLTON & MACKALL, by S. B. ADAMS, for defendants.

BLANDFORD, Justice:

1. A railroad company which owns a warehouse or place of deposit for goods and freight which are to be delivered to consignees stands upon the same footing as to liability for injuries to persons and property, by reason of not having safe and secure roads and ways for ingress and egress to and from said freight, as any other person; the liability is the same, no greater, no less.

When this case was before this court at the September term, 1882, 69 *Ga.*, 200, it was held, " that where a railroad company had a cotton yard, it was the duty of the company to keep the yard and flooring in such order for public use as not to occasion damage to the property of those who are compelled to use the same; and if damage results from the negligence of said company or its agents, it would be liable; if the property owner or his agent and the company were at fault, then the doctrine of apportionment of damages would apply."

2. These principles, we think, were given by the court in his general charge to the jury, which was fair and full, and substantially embraced the requests of the plaintiff in error. Where the court has, in his instructions to the jury, given principles in charge to the jury, which are afterwards embodied in separate requests by a party to the case, he is not bound to repeat the same.

3. All the issues of fact in this case were left fairly to the jury by the court, and they have passed upon the same. There being no violation of law in the instructions by the court to the jury, and he being satisfied with the finding of the jury, this court will not interfere with the discretion of the court in refusing the new trial.

Judgment affirmed.