## WILKES *v.* WESTERN & ATLANTIC RAILROAD CO.

It is the duty of a railroad company to exercise due diligence in the arrange-
ment and maintenance of a station-house, including the floors thereof,
so as to enable its passengers to alight from a car in safety. When in a
given case it is alleged that a passenger in so alighting has been injured
because of the neglect of the company so to perform its duty, the particu-
lars being properly set out, it was error to dismiss the petition on de-
murrer. On the contrary the same, together with such legal evidence as
was offered, should have been submitted to the jury for a determination of
the questions of fact involved, under proper instructions from the court.

Submitted December 16, 1899.— Decided January 31, 1900.

Action for damages. Before Judge Calhoun. City court of
Atlanta. March term, 1899.

*Thomas L. Bishop*, for plaintiff.    *Payne & Tye*, for defendant.

LITTLE, J. Plaintiff in error instituted her action against
the Western & Atlantic Railroad Company, averring that the
defendant had injured and damaged her in a named sum, by
reason of the following facts: Petitioner was a passenger on
the defendant's cars from Nashville, Tennessee, to Atlanta,
Georgia, to which she paid first-class passage, and by the de-
fendant was transported to the city of Atlanta, and the car
upon which she was riding was brought into the passenger sta-
tion of the defendant in the city of Atlanta, which was the
place designated for passengers to leave the car. While in the
station-house and as she stepped from the car to the floor, a
large wooden splinter, being detached from the floor of the
house or station, penetrated her foot from three to three and
a half inches; the splinter was broken off in petitioner's foot,
and she was compelled to have the same cut out by a physi-
cian. From this injury she suffered great pain, and was con-
fined to her house for a considerable length of time, and in-
curred a considerable bill for medical services and expenses, etc.
She avers that she was without fault, and that the railroad com-
pany was negligent in allowing the splinter of wood to be in
the place where it was, and in stopping its train of cars and
compelling passengers to alight where the splinter had been so
negligently left. The petition was subsequently amended by

an amplification of the cause of the injury, the nature of the loss sustained, etc. The petition as amended was demurred to, and the demurrer was sustained by the presiding judge, because it set forth no cause of action. To this judgment plaintiff in error excepted.

In 2 Shearman & Redfield on the Law of Negligence, § 410, referring to the duty of a railroad company to maintain its stations or depots, the rule is laid down that such shall be made safe and convenient for persons lawfully entering therein for the transaction of business, or under any actual or implied invitation; that as to such persons it is bound to use ordinary care. While laying down the rule on this subject, Barrows, in his Law of Negligence, § 79, says, on authority, that "although the carrier is not held to so high a degree of care in these matters [equipping and maintaining stational facilities] as in the act of transportation, it is still his duty to see that all reasonable precautions are taken to insure both the safety and comfort of persons who are on the premises as passengers. Approaches to the station and platforms must be properly built, and maintained in good order"; citing a number of authorities in note 29 on page 208. In the case of *Central Railroad .v. Gleason & Harmon*, 72 *Ga.* 742, this court ruled that a railroad company which owns a warehouse or place of deposit for goods and freight which are to be delivered to consignees stands upon the same footing as to liability for injuries to persons and property, by reason of not having safe and secure roads and ways for ingress and egress to and from such freight-house, as any other person, and that it was the duty of the company to keep the yard and flooring in such order for public use as not to occasion damage to the property of those who are compelled to use the same. See also the same case reported in 69 *Ga.* 200. In the case of *Central Railroad* v. *Thompson*, 76 *Ga.* 770, it is said that "undoubtedly it is the duty of a railroad company so to fix its station or depot that a passenger, who gets off at the depot or place to alight, may get off the car without danger." See also *Central Railroad Co.* v. *Perry*, 58 *Ga.* 461. We may therefore safely assume that, as the plaintiff in error was a passenger on the train of the railroad company, it was the duty of the latter to

exercise at least ordinary and reasonable care in the maintenance of its station-house, including the floor of the same, to prevent her from being injured and to afford to her a safe place to alight from the car.  If it were negligent and failed to discharge this duty, it became liable for such damages as she sustained, unless there was some fault attributable to her, or the injury was occasioned by her own neglect and want of care. In her petition she avers negligence and want of care on the part of the railroad company in so maintaining its station-house, and avers that she was injured in consequence of such negligence.  Negligence is a question of fact, and is for the jury; and under the allegations made she was entitled to have her case submitted to the jury.  The court erred, therefore, in sustaining a demurrer to the petition; and the judgment is

*Reversed.  All the Justices concurring.*