## ATKINSON *v.* SOUTHERN RAILWAY COMPANY.

If a ticket seller of a railroad company sells a ticket for passage on a particular train, assuring the purchaser that the train will stop at the station at which he desires to alight, he may recover damages from the company if expelled from the train by the conductor solely on the ground that the train does not stop at the station in question, unless the purchaser knew or had reason to believe that the information given him by the ticket-agent was incorrect, or that there was a rule or regulation of the company making the agent incompetent to give the information, or prohibiting the conductor from stopping the train at that station.

Argued October 17,— Decided November 7, 1901.

Action for damages. Before Judge Reece. City court of Floyd county. March term, 1901.

*Seaborn Wright*, for plaintiff. *Shumate & Maddox, G. A. H. Harris & Son,* and *R. L. Chamlee*, for defendant.

Cobb, J. The plaintiff sued the railway company for damages alleged to have been sustained on account of having been wrongfully expelled from one of its trains. Upon the trial it appeared, from the testimony introduced in behalf of the plaintiff, that he desired to go as a passenger upon one of the trains of the defendant from the city of Rome to a station called Seney. When he went to the ticket-office of the defendant and informed the ticket-agent that he desired to go to Seney, the agent told him that the train to Seney had gone. Upon his asking the agent when there would be another train to Seney, he was told that in about two or three hours there would be a freight-train which carried passengers and upon which he could go. The agent then sold him a ticket to Seney, and stated that the ticket would be good on the freight-train which would arrive two or three hours later. Plaintiff then left the station and returned later in the day. Upon the arrival of the freight-train he again inquired of the ticket-agent if that was the train on which he could go to Seney, and the agent told him that it was. He then boarded the train and went into the caboose. When the train had moved forward from the station about a hundred and twenty-five or fifty yards the conductor asked plaintiff where he was going, and plaintiff replied, to Seney, stating that the agent had sold him a ticket to that point to be used on that train. The conductor then stated that he did not stop at Seney, that he

didn't see why the agent had sold a ticket to that point for that train, which didn't carry passengers, that plaintiff could not go to Seney on that train, and that if he attempted to do so, he (the conductor) would put him off. Plaintiff then returned to the station and offered the agent his ticket and requested that his money be refunded. The agent refused to redeem the ticket, and when plaintiff told him what the conductor had said, the agent told him to go back and get on the train and go to Seney, the train having stopped a short distance from the station. Plaintiff then returned to the train, and the conductor again informed him that he could not go to Seney on that train. Whereupon plaintiff again returned to the agent and requested that his money be refunded, which the agent refused to do. The ticket sold plaintiff was introduced in evidence, and appears to be a ticket which entitled the plaintiff to one first-class passage from Rome to Seney, but does not specify in any way what train it was to be used on, nor is there anything on it to indicate that it would not be good on freight-trains. The only witness called by the defendant was the ticket-agent. He denied the plaintiff's statements about his offer to surrender the ticket and request for the return of his money, and stated that he did offer to redeem the ticket but that the plaintiff refused to allow him to do it. The agent further testified that he had nothing at all to do with the freight-train, that the superintendent and trainmaster had authority over it, and that the conductor was in sole charge. The witness admitted that he sold plaintiff the ticket to go to Seney on the freight-train, and that he expected him to go on the train upon which the conductor refused to allow him to ride. Upon this state of facts the court directed a verdict for the defendant, and the plaintiff assigns error upon the direction of this verdict.

When a railroad company places an agent in charge of its business at a place where passengers are expected to board its trains, and authorizes such agent to sell tickets to passengers to be used when taking passage upon its trains, one who purchases from such an agent a ticket upon which there is no statement as to what trains it will or will not be good for passage upon has a right to presume that the agent is authorized by the company to give him information on this subject. When, therefore, the purchaser of such a ticket applies to the ticket-agent for information as to what train or trains the ticket will be good for passage upon, and the agent gives him

this information, he has a right to act upon the information so given. If in so doing he boards a train of the company upon which the ticket is not good for passage to the point indicated thereon, and is for this reason expelled therefrom by the agent of the company in charge of the train, the company is liable to him for whatever damages he may sustain on account of such expulsion, notwithstanding there is in existence a rule or regulation of the company which prohibits the conductor from carrying passengers on the train thus boarded, or from carrying passengers to a given point along the line of road. The company can only avoid this liability by showing that the purchaser of the ticket knew, or had sufficient reason to believe, that the ticket-agent was misinforming him, or that the purchaser knew of a rule of the company which made the agent incompetent to give the information, or forbade the recognition of the ticket by the conductor. The principles just stated are clearly deducible from the ruling made in the case of *Central Railroad Co.* v. *Roberts,* 91 *Ga.* 513. In that case it appeared that the defendant's ticket-agent sold the plaintiff an excursion ticket consisting of two parts, one of which signified that it was to be used in going and the other in returning, but neither of them indicating any particular train. The agent informed the plaintiff that the ticket would be good for return passage on a fast train of the defendant known as the "Cannon Ball." The plaintiff boarded this train for the return passage, and tendered the portion of the ticket which was sold for such passage, but the conductor refused to accept the ticket, and ejected plaintiff from the train. It was ruled that the plaintiff could recover for this ejection; Mr. Chief Justice Bleckley using in the opinion the following language: "The agent who sold the Sunday excursion ticket represented the company in making the sale, and the information which he gave as to whether the ticket would afford a right to return on a particular train could be relied on, unless it was known to be incorrect, or unless some known rule or order of the company made the agent incompetent to give such information or forbade the recognition of such a ticket by the conductor of the designated train, or of trains belonging to that class. The ticket being silent on its face as to trains, and one of the parts of the ticket being for a return passage, of course it would be proper for the company to authorize some one to answer questions when the ticket was sold, so that the buyer might know how to use it; and

no other person would seem to be so proper for this purpose as the agent selling it." See also, in this connection, *Head* v. *Railroad Co.*, 79 *Ga.* 358. Rulings to the same effect have also been made in other States. See Boehm *v.* Ry. Co. (Wis.), 65 N. W. 506; Pittsburgh Ry. Co. *v.* Reynolds (Ohio), 45 N. E. 712; Lake Shore Ry. Co. *v.* Pierce (Mich.), 11 N. W. 157; South and North Ala. R. Co. *v.* Huffman, 76 Ala. 492, s. c. 52 Am. Rep. 349; St. Louis Ry. Co. *v.* Adcox (Ark.), 12 S. W. 874; Burnham *v.* Ry. Co., 63 Me. 298, s. c. 18 Am. Rep. 220; Murdock *v.* R. Co., 137 Mass. 293, s. c. 50 Am. Rep. 307. See also 1 Fet. Car. § 322; 5 Am. & Eng. Enc. L. (2d ed.) 570 (8). The court erred in directing a verdict for the defendant.     *Judgment reversed. All the Justices concurring.*