## GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY *v.* BROWN.

1. The mere purchase of an ordinary railway ticket by a husband for his wife, even though he pays for it, does not constitute a contract between the husband and the company for the safe transportation of the wife ; but the implied contract for safe passage, which the law raises from the purchase of the ticket, is in favor of the wife, and in her behalf alone can an action be maintained for its breach.
2. The charge of the judge as to the degree of diligence which the defendant was required to exercise for the preservation of the health of the plaintiff, even when considered in the light of the entire charge, was, under the peculiar facts of the present case, erroneous, and required the granting of a new trial.

Argued May 19, — Decided June 9, 1904.

Action for damages. Before Judge Reagan. Elbert superior court. November 16, 1903.

*J. N. Worley, H. J. Brewer,* and *Erwin & Erwin,* for plaintiff in error. *George C. Grogan* and *Ira C. VanDuzer,* contra.

COBB, J. Brown purchased from the Railway Company a ticket for his wife. She presented herself for transportation, and the train failed to stop. It is claimed that her health was impaired ·by exposure resulting from being left at the station. Brown brought an action against the company for the loss of his wife's services, and it was held that he had a cause of action. See *Brown* v. *Railway Co.,* 119 *Ga.* 88. The present suit is one by the wife for pain and suffering, growing out of the same transaction. She recovered a verdict, and the railway company assigns error upon a judgment overruling its motion for a new trial, and upon other rulings made during the progress of the trial.

1. Construing the petition as an action sounding in contract, it is claimed that the contract was between the railway company and the husband, who purchased and paid for the ticket, and that as the wife was no party to the contract, she has no right of action. Under the decision in *Aiken* v. *Southern Railway Co.,* 118 *Ga.* 118, this question must be decided adversely to the contention of the plaintiff in error. In that case it was held that where a railway company sold an ordinary ticket, the law implied a contract for safe carriage with the person who presented himself for passage, without reference to who may have actually paid for the ticket.

2. In one ground of the motion for a new trial error is assigned upon the following extract from the charge: "One who has a railroad ticket and is present to take the train at the ordinary point of departure is a passenger, although he has not entered the car. In duties toward him directly involving his rights, the company is bound to extraordinary diligence, and in those touching his convenience or accommodation, to ordinary diligence. Now as far as her safety was concerned — and, gentlemen, that involves the safety of life, limb, or her health — as far as her safety was concerned, if the defendant company did not exercise extraordinary diligence, and on account of such failure she was injured, she would have a right of action and a right to recover." It is claimed that the effect of this charge was to instruct the jury that in this case the railway company was bound to exercise extraordinary diligence to preserve the health of the plaintiff. We think the charge is susceptible of this construction, and that when so construed, it was, under the facts of this case, erroneous and prejudicial to the defendant. While, as was pointed out when the husband's case was here, the gist of the action was not the condition of the waiting-room, but was the consequences arising from exposure resulting from the failure to transport, in spite of the fact that plaintiff took advantage of such accomodations as were at hand, under the peculiar facts of this case the jury could draw no other conclusion from the charge than that it was the duty of the railway company to exercise extraordinary diligence for the preservation of the health of the plaintiff during the time that she was compelled to wait for the arrival of another train, and in this way they were in effect instructed that the defendant was bound to exercise extraordinary diligence in regard to the manner in which it kept the waiting-room, as this was the conspicuous element in the transaction which resulted in the alleged impairment of the plaintiff's health. A railroad company is bound to exercise extraordinary diligence for the preservation of the lives and persons of its passengers while they are being received upon its trains, while being transported therein, and while being discharged therefrom; but it is bound to exercise only ordinary diligence in the preservation of the lives, health, and persons of passengers who are awaiting at stations the arrival of trains, or who are detained at stations as the result of a refusal or failure on the part of

the company to stop its trains for the reception of such passengers. *Southern Ry. Co.* v. *Reeves*, 116 *Ga.* 743 ; *Wilkes* v. *W. & A. R. Co.*, 109 *Ga.* 794.    While the judge in one or more portions of his charge distinctly instructed the jury that the defendant was bound to exercise extraordinary care as to the safety of its passengers, and ordinary care as to their comfort and convenience, the charge complained of had the effect of instructing the jury that the safety of the plaintiff involved the preservation of her health, and that to such a matter the rule of extraordinary diligence was applicable.    The effect of this charge was to tell the jury that the defendant was bound to exercise extraordinary diligence for the preservation of the health of the plaintiff during the time that elapsed between the failure of the train to stop and the departure of the plaintiff on another train the next day.

Another ground of the motion for a new trial complains that after the judge had charged the jury that it was the duty of the plaintiff to lessen the damages as far as practicable by the exercise of ordinary care, he added, this does not apply in cases of positive and continuous torts.    While the charge was in the language of the Civil Code, § 3802, still in cases like the present the last sentence of that section should not be charged.    In still another ground of the motion complaint is made that the court charged the jury upon the subject of the duty of the railway company to furnish a safe place for passengers to enter and alight from its trains.    There was nothing in the case authorizing a charge on this subject.    It is, however, unnecessary to determine whether either of the errors last referred to would have been sufficient to require the granting of a new trial, as the judgment is reversed because of the error in charging with reference to the degree of diligence which the defendant was bound to exercise.

*Judgment reversed.    All the Justices concur.*