### 7539.  NASH *v.* SAVANNAH ELECTRIC COMPANY.

BROYLES, P. J.  Under the particular facts of the case, the petition, construed (as it must be) most strongly against the plaintiff, did not set forth a cause of action, and the court committed no error in sustaining the general demurrer and dismissing the suit.

*Judgment affirmed.  Jenkins and Bloodworth, JJ., concur.*
DECIDED JANUARY 23, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman.  May 23, 1916.

The petition alleged, that when a car of the defendant's electric-railway, on which the plaintiff was being transported in the city of Savannah, "reached the western side of the Gwinnett-street subway, it was flooded with water, so that it was impossible for the car to pass; whereupon the conductor in charge of the said car, who personally knew petitioner, said to her, 'Mrs. Nash, you will have to cross the railroad tracks and take the car on the other side,' and pointed out to petitioner the place where she should cross said tracks, and the pathway she should follow;" that she then left the street-car and proceeded to attempt to cross the tracks of the Atlantic Coast Line Railroad Company at the Gwinnett-street subway; that on each side of these tracks there had been a barbed-wire fence, fencing in the right of way of that company from the street, but a partial opening had been made through this fence, and through this partial opening she was instructed by the officers of the defendant to pass; that she passed in safety through

the fence on the western side of these tracks, and, as she attempted to pass through the partial opening on the eastern side of the tracks, her foot was caught in one of the loose strands of barbed wire on that side of the tracks, and it threw her to the ground and severely cut her foot and leg and caused other injuries described, by reason of which she was damaged in the sum sued for; that at the time of receiving her injuries she was acting under the express direction and orders of the defendant's conductor, who she supposed was acting within his rights, and to obey whom was her right and duty; that she did not know of the dangers she was to encounter, or of the defective, rough, and uneven pathway over which she was to go, or of the hazard of crossing the barbed-wire fence. The petition alleged that the plaintiff's injuries were due entirely to fault and negligence on the part of the defendant, (1) in not furnishing to her safe and suitable access from one car to another in completing her trip; (2) in directing her to cross the tracks of the Atlantic Coast Line Railroad Company, when the defendant knew, or in the exercise of ordinary care should have known, that the way was rough and uneven and the pathway obstructed by a barbed-wire fence; (3) in not affording to her the assistance and care due by a carrier to its passenger, to enable her to cross from one car to another, and to cross a rough, uneven, defective, and dangerous pathway in thus moving from one car to another; and (4) in failing to afford to her the care, diligence, and protection due by a common carrier to its passengers.

Oliver & Oliver, for plaintiff, cited: Georgia Ry. &c. Co. v. McAllister, 126 Ga. 448; Georgia Ry. &c. Co. v. Norris, 135 Ga. 838, 843; Macon Ry. Co. v. Vining, 120 Ga. 511; G., C. & N. Ry. Co. v. Brown, 120 Ga. 381; Atlanta Terminal Co. v. Johnson, 15 Ga. App. 22; A. & B. Railroad Co. v. Douglas, 119 Ga. 658; Dorsey v. Central Ry. Co., 113 Ga. 565; King v. S. A. L. Ry., 1 Ga. App. 88; Ellison v. Ga. R. Co., 87 Ga. 692 (8); Central R. Co. v. Thompson, 76 Ga. 770; Wilkes v. W. & A. R. Co., 109 Ga. 794; Central R. Co. v. Gleason, 72 Ga. 742; Central R. Co. v. Perry, 58 Ga. 461 (3).

Osborne, Lawrence & Abrahams, for defendant, cited and distinguished cases cited above.