21774. WATTS *v.* COLONIAL STAGES COMPANY.

Decided March 17, 1932.

*Poole & Fraser*, for plaintiff.

*Wellborn B. Cody, D. F. McClatchey Jr.*, for defendant.

BELL, J. (After stating the foregoing facts.)

■ Does the petition show negligence on the part of the defendant with respect to the plaintiff? The conversation between the plaintiff and the defendant's agent in Atlanta who sold the ticket may or may not have amounted to a contractual undertaking by the defendant to furnish the plaintiff with accommodations in the

way of toilets suitable to his requirements during the course of the transportation. Cf. *Central Railroad Co.* v. *Roberts,* 91 *Ga.* 513 (2) (18 S. E. 315); *Atkinson* v. *Southern Ry. Co.,* 114 *Ga.* 146 (39 S. E. 888, 55 L. R. A. 223); *Mooneyham* v. *Nashville, Chattanooga &c. Ry. Co.,* 33 *Ga. App.* 406 (5) (126 S. E. 736). Whatever may be the proper answer to this question, it is our opinion that the allegations are sufficient to show a breach of duty by the defendant with regard to the plaintiff's safety in relation to the transaction at Cartersville. The plaintiff did not cease to be a passenger merely because he temporarily left the bus for the purpose of resorting to a near-by toilet in response to a call of nature. If a toilet was not provided in the bus itself, the carrier must have known that it would be necessary on occasion for a passenger on a long journey to step aside for the purpose stated. Whether or not the point at which the bus stopped should be considered as an intermediate station, the rule as to the duty owing to a passenger at such stations would seem to be analagous. As a general rule, a passenger does not lose his character as such by alighting temporarily at an intermediate station for any reasonable and usual purpose, where he does so with the express or implied consent of the carrier. *Riley* v. *Wrightsville &c. R. Co.,* 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208); Alabama Great Southern Ry. Co. *v.* Coggins, 88 Fed. 455 (32 C. C. A. 1); Texas & Pacific Ry. Co. *v.* Stewart, 228 U. S. 357 (2), 362 (33 Sup. Ct. 548, 57 L. ed. 879); 10 C. J. 628, § 1051.

The building which the plaintiff entered may not have been the property of the defendant, and thus the plaintiff may have gone beyond the premises of the carrier. The carrier's agent, however, pointed out the place as a toilet and assumed to grant authority for its use. The plaintiff did not exceed the limits of the invitation, nor pass beyond the apparent sphere of the defendant's protection. While the defendant did not owe the duty of extraordinary care in the transaction in question, it was nevertheless bound to exercise ordinary care to protect the plaintiff from danger. *Central R. Co.* v. *Perry,* 58 *Ga.* 461 (2); *Southern Ry. Co.* v. *Reeves,* 116 *Ga.* 743 (2) (42 S. E. 1015); *Georgia, Carolina &c. Ry. Co.* v. *Brown,* 120 *Ga.* 380 (2) (47 S. E. 942). It is the duty of a common carrier to exercise care to protect a passenger from danger even from outside sources, where the danger is one that should be

anticipated by a person of common prudence. *Georgia Power Co.* v. *Murphy,* 28 *Ga. App.* 173 (110 S. E. 680).

The plaintiff's request to be directed to a toilet was in reference to an incident of his transportation, and the reply of the defendant's agent, "There's one right there," necessarily amounted to an assurance of safety in approaching and using the toilet in the usual and proper manner. The transaction occurred in the nighttime, and the plaintiff's inquiry indicated upon its face that he himself was not acquainted with the surroundings. It was unnecessary for the plaintiff to allege that the defendant's agent knew that the place was unsafe. The invitation to use it should have been withheld in the absence of knowledge as to its condition. *Bennett* v. *Central of Georgia Ry. Co.,* 6 *Ga. App.* 185 (64 S. E. 700). The plaintiff had the right to assume that he was not being directed into a mantrap or pitfall, and if the defendant's agent misdirected him into a place of danger, it is liable for any damage proximately resulting from such act. *Atlanta Terminal Co.* v. *Alexander,* 38 *Ga. App.* 280 (3) (143 S. E. 905).

We can not say as a matter of law that the petition was fatally defective as failing to show negligence on the part of the defendant in one or more of the ways alleged. The present case is distinguished from such cases as *Georgia R. Co.* v. *Richmond,* 98 *Ga.* 495 (25 S. E. 565) ; *King* v. *Central of Georgia Ry. Co.,* 107 *Ga.* 754 (33 S. E. 839) ; *Southern Ry. Co.* v. *Stephens,* 23 *Ga. App.* 200 (98 S. E. 176).

Negligence or want of due care on the part of the plaintiff, or the failure by him to avoid the consequences of the defendant's negligence after it was or should have been apprehended, would constitute matter for defense, to be pleaded by the defendant, unless affirmatively shown by the allegations of the petition. *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710 (55 S. E. 948) ; *Atlantic Coast Line R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (4) (116 S. E. 858) ; *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2) (106 S. E. 738) ; *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (2) (109 S. E. 918).

The statement of the agent in Atlanta, who assured the plaintiff that suitable toilets would be pointed out by the drivers en route, could be considered as illustrating the plaintiff's conduct on the question as to his own negligence or failure to exercise ordinary care. We think it a question for a jury, and not for the court, as

to whether a recovery should be denied because of negligence or fault on the part of the plaintiff.

The case of *Bridger* v. *Gresham,* 111 *Ga.* 814 (35 S. E. 677), as well as the other cases relied on by counsel for the defendant in error as to this point, are so different in their facts as to be distinguishable from the case at bar.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*