28545. SOUTHERN RAILWAY COMPANY *v.* MADDOX.

DECIDED NOVEMBER 9, 1940.

*John J. McCreary, J. E. Hall, Ellsworth Hall Jr.,* for plaintiff in error.

*O. L. Long Jr., H. E. Nottingham,* contra.

SUTTON, J.   Mrs. T. C. Maddox brought suit against the Southern Railway Company, to recover damages for injury to her automobile.   It was alleged that the automobile, while being driven by her son, was struck by the tender of a backing engine of the defendant as the automobile was turned into Ocmulgee Street from Fifth Street in Macon, and that the defendant, through its servants, was negligent:   (1) In failing to have a watchman on duty at the crossing at the intersection of the two streets, in violation of an ordinance of the City of Macon; (2) in failing to comply with an ordinance of the city that "It shall be unlawful to move any train or car backward over any street crossing without having a guard placed on the rear platform, furnished with proper means of giving an alarm or notice of the approach of such train or car in this manner;" (3) in not signaling by whistle or bell the approach of the engine; (4) in not stopping the engine before striking the automobile.   The jury returned a verdict for the plaintiff in the amount sought, and the exception is to the overruling of the defendant's motion for new trial.

■   On the trial it was shown that the plaintiff's son, about nineteen years of age, was proceeding in the automobile westward along Fifth Street about 10:30 o'clock at night, and that before reaching the crossing over which Fifth Street continues at Ocmulgee Street he decided to turn left into Ocmulgee Street and drive to a fair which was in progress in the southern part of the city, Ocmulgee Street affording a shorter route than continuing over the crossing. A southbound freight-train on Ocmulgee Street was crossing Fifth Street, and many automobiles were stopped on Fifth Street east of the crossing.   Between two lines of these automobiles the driver of the plaintiff's automobile proceeded toward the crossing, traveling about the center line of Fifth Street and somewhat to the left of the center just before he made a left turn into Ocmulgee Street. The evidence was in conflict as to his rate of speed as he turned, the estimates varying from ten to twelve miles an hour to thirty-five to forty miles an hour.   Just as he "completed" the turn and "straightened up" the automobile with its right side close to the track on which the defendant's engine was backing northward at not more than twelve miles an hour toward the crossing, the right front of the automobile collided with the side or corner of the tender of the engine nearest the east side of Ocmulgee Street.   The

width of the east half of Ocmulgee Street was about eighteen feet to the curb, and the tender of the engine extended about twenty-four and a half inches from the track over the street pavement. The driver of the automobile and a witness who had been riding with him at the time of the collison testified that they did not see any watchman at the crossing or any light on the rear of the tender, or hear any engine bell ringing. On behalf of the defendant there was testimony that a watchman was at the crossing, that lights were upon the rear of the tender, and that the engine bell was ringing. As the northbound and backing engine, which was pulling another engine, neared the Fifth Street crossing, the southbound freight-train was still in the act of traversing the crossing on another track, and was making considerable noise. The driver of the automobile testified: "There was a car that apparently was fixing to pull out of Ocmulgee Street into Fifth Street [from the left], because it was sitting there, and when I made a left turn into the street, into Ocmulgee Street from Fifth Street, just as I completed the turn there was a train in front of me, and we hit; there was not any time for me to stop or him to stop. . . Yes, sir, when I made the turn the collision occurred. I would have struck the train if it had been standing still, but it would not have been the same thing. Yes, sir, aside from the question of damages, I would have hit the train whether it was moving or not." In view of this testimony it must be held as a matter of law that the proximate cause of the damage to the automobile was the negligence of its driver in failing to use ordinary care and diligence to avoid contact with the tender of the backing engine in driving the automobile into a place of danger. Under the admission of the driver the collision would have occurred even if the engine had been standing still, in which case it would have made no difference, as to the railroad's freedom from liability, whether there were lights on the tender, whether the bell was ringing, or whether a watchman was on the crossing. The verdict was unauthorized under the law and the evidence, and the court erred in overruling the motion for new trial.

(a) The first special ground of the motion complains that the court erred in admitting in evidence, over the objection that it was inapplicable and unreasonable under the facts of the present case, a certified copy of an ordinance of the City of Macon, as

follows: "It shall be unlawful to move any train or car backward over any street crossing without having a guard placed on the rear platform, furnished with proper means of giving an alarm or notice of the approach of such train or car in this manner." It was shown by the evidence that the plaintiff's automobile came in contact with the tender of the backing engine occupied by an engineer and a fireman. The obvious purpose of the ordinance was to have a lookout on the approaching rear of a train or car being operated under conditions where the enginemen would not, in the backing movement, be in position to give an alarm or signal the approach of such backing movement. An engine backing as in this case had nothing intervening between a danger point and the enginemen which prevented them, by looking out, from detecting danger to a person upon or near its tracks and from giving notice of the approach of the engine. Indeed the occupants of the engine were nearer to a danger point ahead than if the engine had been proceeding in the same direction in a forward movement, with the engine boiler between the enginemen and the danger point, in which case no lookout or guard on the approaching end is shown to have been required by any ordinance of the city. In *Central of Georgia Ry. Co.* v. *Cooper,* 45 *Ga. App.* 806 (3) (165 S. E. 858), it was held: "Whether a violation, by the servants of a railroad company, of a rule of the company regulating the conduct of its servants in the operation of one of its trains over a street crossing is negligence as respects a person passing over the crossing, a rule which provides as follows is not applicable where an engine and its tender only are being operated over the crossing, and where at the time no cars are being pushed or backed over the crossing: 'Cars must not be backed or pushed over a street, highway, or private crossing, without a flagman on the front of, or preceding the leading car. Cars must not be allowed to run over a street, highway, or other private crossing without an engine attached.'" The fact that the backing engine here was pulling an unoccupied engine would not render the ruling in the *Cooper* case inapplicable here, as the engine being pulled in no wise curtailed or reduced the opportunity for observation of the trainmen in the cab of the pulling and backing engine. Under the *Cooper* decision we think the ordinance was inapplicable and should have been so held by the judge, and its admission in evidence was error.

(*b*) Ground 5 complains, in effect, that the court in the charge undertook to instruct the jury as to the law of comparative negligence, but failed to qualify the charge by stating that the plaintiff could not recover if the negligence of her agent, the driver of the automobile, was equal to or greater than that of the defendant. The court charged the jury that the plaintiff could not recover if the driver of the automobile was not in the exercise of ordinary care and diligence, or if by the exercise of ordinary care the "plaintiff" could have prevented the injury, and immediately thereafter stated: "If the plaintiff was so negligent, but that negligence did not amount to a failure to exercise ordinary care, then the plaintiff might still recover, but you should reduce the recovery by the amount of negligence attributable to the plaintiff." The charge was not error for the reason assigned. "Where the judge charged the law of contributory negligence and diminution of damages substantially as set out in section 2322 of the Civil Code of 1895 [1933, § 94-703], it furnished no ground for a new trial that the court failed, in connection with such charge, to also instruct the jury that if the parties were equally negligent there could be no recovery." *Central of Georgia Ry. Co.* v. *Gill,* 136 *Ga.* 240 (2) (71 S. E. 166).

(*c*) Ground 6 complains that the court erred in charging the jury, in reference to an ordinance of the City of Macon: "It shall be the duty of every railroad company doing business in the city to keep and maintain continuously a watchman on duty at each and every street crossing in the city having thereon more than one track." The crossing toward which the backing engine was proceeding was traversed by two tracks; and it is contended that the undisputed evidence shows that a watchman was stationed at the crossing, and that the court erred in submitting to the jury an issue in this respect. Inasmuch as the objection urged is one to be determined by the evidence, and the judgment is reversed for reasons shown in the first division of this opinion, no ruling on this ground is deemed necessary.

(*d*) Ground 7 complains that the court erred in charging with respect to the ordinance dealt with in division (*a*) above, and in instructing the jury to determine whether or not it was reasonable under the facts of the case. This charge should not have been given. The court should have determined for itself that the ordinance was inapplicable for reasons shown above.

(*e*) Ground 8 is not argued or insisted on, and is treated as abandoned.

(*f*) Ground 9 complains that the court erred in charging the jury that, "If the plaintiff is entitled to recover in your judgment in this case under the evidence, she would be entitled to recover the difference in the market value of her car before the collision and after the collision," it being contended that thereby the jury was authorized to find for the plaintiff the full amount sued for, even though of the opinion that the plaintiff's agent was guilty of negligence equal to or greater than that of the defendant, and that the charge deprived the jury of the right to reduce the amount of the verdict commensurately with the degree of negligence attributable to the plaintiff's agent. The charge stated the *measure* of damages, but the amount determinable from such charge would not in all events be that which the plaintiff would be entitled to recover. If the defendant was guilty of negligence proximately causing the damage to the automobile, but the driver was also at fault, although his negligence was not equal to or greater than that of the defendant, the plaintiff (if the driver could not by the exercise of ordinary care have avoided the consequence of the defendant's negligence) could nevertheless recover some amount, but not the full amount of the difference between the market value of the automobile before and after the collision. The charge as given, without being qualified as above, was calculated to confuse the jury, especially as it was given near the end of the entire charge, and should be revised on another trial of the case, in accordance with the ruling above.

(*g*) The charge, "In the event, under the rules given you in charge, you do not believe that the plaintiff is entitled to a verdict, if you believe that the collision and the plaintiff's ensuing damage, if any, were caused by the failure of her driver to exercise ordinary care and diligence, or if you believe that the collision and the ensuing damage, if any, was the result of an accident as defined hereinbefore in the charge, it would be your duty to find for the defendant," was a correct statement of the law, and did not, as contended in ground 10, limit the defense by withdrawing from the jury other portions of the charge in which the court properly instructed the jury as to the doctrines of comparative negligence and burden of proof.

(*h*) Ground 11 complains that in charging the jury as to positive and negative testimony the court failed to define these terms. The objection is without merit, for the reason that in the absence of a special request it is not error to fail to explain the meaning of such expressions. *Holmes* v. *Clisby,* 121 *Ga.* 241, 248 (7) (48 S. E. 934) ; *Flemington &c. Railroad Co.* v. *Southern Iron &c Co.,* 21 *Ga. App.* 470 (94 S. E. 644).

(*i*) Ground 12 assigns error on the failure of the court, in charging on contributory negligence, to instruct the jury as to the burden of proof resting on the plaintiff, while charging that the burden was upon the defendant to prove the contributory negligence of the plaintiff as pleaded. This was not error. In the instruction objected to the court stated that the burden to prove the contributory negligence of the plaintiff as pleaded rested on the defendant only "after the plaintiff has made a prima facie case." Moreover, the court had already charged the jury that "The plaintiff, if she recovers, can only recover by proof that the defendant was negligent in the manner alleged in her petition," and in the portion complained of stated to the jury that the burden resting upon the defendant as charged was "in accordance with the rule that the burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proving of such fact is essential." Code, § 38-103 ; *Falkner* v. *Behr,* 75 *Ga.* 671; *City Council of Augusta* v. *Hudson,* 88 *Ga.* 599 ; *Williams* v. *Southern Railway Co.,* 126 *Ga.* 710, 711 (55 S. E. 948) ; *Central of Georgia Railway Co.* v. *North,* 129 *Ga.* 106, 107 (58 S. E. 647) ; *W. & A. R. Co.* v. *Casteel,* 138 *Ga.* 579, 580 (75 S. E. 609) ; *Jackson* v. *Merritt Hardware Co.,* 26 *Ga. App.* 747 (3-*b*) (107 S. E. 394) ; *Watts* v. *Colonial Stages Co.,* 45 *Ga. App.* 115, 119 (163 S. E. 523) ; Thomas *v.* Southern Ry. Co., 92 Fed. (2d), 445.

(*j*) Ground 13 complains that the court erred in charging the jury with reference to Code, § 94-507, as to the duty of a railroad to signal the approach of its train to a crossing within the corporate limits of a city by constantly tolling the bell of the engine, and stating that a violation thereof would be negligence per se, and that if the jury found that such law was violated and the failure to toll the bell was the proximate contributing cause of the damage to the plaintiff's automobile she would be entitled to re-

cover; it being contended that the uncontradicted evidence was that such law had been complied with, and that the court erred in submitting the question to the jury as an issue of fact. Inasmuch as the objection is one to be determined by the evidence, and the case is being remanded because it is shown by the record that the verdict was unauthorized for reasons set forth in the first division of this opinion, it is unnecessary to pass on the assignment of error.

(*k*) The court's instruction, "I charge you, gentlemen of the jury, that the rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger or in the exercise of ordinary care should have seen it or have reason to apprehend it," is not subject to the objection urged in ground 14, that it was a qualification of the duty of the plaintiff's agent, the driver of the automobile, to exercise ordinary care and diligence in entering upon a place of danger. The charge expressly has reference to the duty of the driver to avoid the consequences of the defendant's negligence, and almost immediately preceding the quoted language the court charged the jury as to the duty of the driver to exercise ordinary care and diligence to avoid injury without respect to any negligence of the defendant.

(*l*) Ground 15 assigns error on a portion of the charge of the court which it is complained should not have been submitted to the jury under the evidence. Inasmuch as the case is being remanded for reasons shown in the first division of this opinion, and the merit of the objection depends on evidence, a ruling on this ground is deemed unnecessary.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., concurs specially.*

STEPHENS, P. J. I concur in all the rulings and in the judgment of reversal, with the exception of the rulings stated in paragraphs 1 and 2(*i*) of the opinion. I do not concur in the conclusion that the evidence demanded a verdict for the defendant. I do not concur in the ruling contained in paragraph 2(*i*) that the court did not err in charging the jury that under certain conditions named the burden of proof rested upon the railroad company to show by a preponderance of the evidence that the plaintiff's injuries were proximately caused by his own negligence. A plea by the defendant of negligence on the part of the plaintiff as proximately causing the injury complained of is not in the nature of an

affirmative defense. It is a mere allegation of fact which if true would preclude as true the allegation of the plaintiff's petition that the negligence of the defendant caused the injury. In other words, the plea of contributory negligence is but a plea of a fact sustaining the defendant's plea of denial that its negligence caused the plaintiff's injuries. It merely says: the negligence of some one else, and therefore not my negligence, caused the injury to the plaintiff. The defendant is not compelled to plead the plaintiff's negligence in order to avail the defendant of such defense. If upon the trial there should be evidence tending to establish the defendant's negligence as the cause of the plaintiff's injuries, and this evidence standing alone would conclusively establish this fact, but if there was also evidence, whether introduced by the plaintiff or the defendant, tending to establish the plaintiff's negligence as being such cause, it would be a question for the jury, upon a consideration of all the evidence, whether the negligence of the defendant or the negligence of the plaintiff caused the injuries. Unquestionably the burden of proof would be upon the plaintiff to convince the jury by a preponderance of the evidence that the negligence of the defendant, and not the negligence of anybody else, including the plaintiff, was the cause of the injuries. If it appeared to the minds of the jury from a consideration of all the evidence, which must be done, that the evidence equally pointed to the negligence of the plaintiff as causing the plaintiff's injuries as to the negligence of the defendant as causing the plaintiff's injuries, the plaintiff would fail to carry the burden of proof to show by a preponderance of the evidence that the negligence of the defendant caused the injuries. Under such circumstances the defendant would be entitled to prevail. There would be no burden of proof upon the defendant, in order to prevail, to establish by a preponderance of the evidence that the negligence of the plaintiff, and thereby showing not the negligence of the defendant, caused the plaintiff's injuries. The situation would not be altered if, when the plaintiff had closed his case, the inference would be demanded, as a matter of law, that the negligence of the defendant caused the plaintiff's injuries, and the plaintiff therefore could be said to have established a prima facie case, and the defendant had afterwards introduced evidence tending to establish the negligence of the plaintiff as the proximate cause of the plaintiff's injuries,

which would be merely evidence tending to establish an affirmative fact in rebuttal of and tending to deny the evidence of the plaintiff to the effect that the negligence of the defendant caused the plaintiff's injuries. The burden of proof would still be on the plaintiff to establish by a preponderance of the evidence the negligence of the defendant, to the exclusion of the negligence of the plaintiff, as the proximate cause of the plaintiff's injuries. There would still be no burden of proof resting upon the defendant to show by a preponderance of the evidence that the negligence of the plaintiff was the proximate cause of the injuries.

I am therefore of the opinion that the court erred in charging as set out in ground 12 of the motion for new trial, as follows: "The burden rests upon the defendant, after the plaintiff has made a prima facie case, to show by a preponderance of the evidence, in order to sustain his plea, that the plaintiff's injuries were proximately caused by his own negligence. The rule that the burden is on the defendant to establish his defense of contributory negligence on the part of the plaintiff, such as would bar a recovery, would not impose on him such a duty in a case where the plaintiff himself had failed to make out a prima facie case, by failing to show negligence on the part of the defendant as alleged, or by himself showing his own contributory negligence;" and that "where the evidence is sufficient to raise an issue for the jury upon the question of the defendant's negligence, then, in order for the defendant to avail himself of the affirmative defense of contributory negligence, it is incumbent upon the defendant to prove it by the preponderance of the evidence; and this is true even though he does not in his own pleadings confess his negligence as charged." The decisions which state that the defendant must show the negligence of the plaintiff, or that there is a burden of proof on the defendant to establish the negligence of the plaintiff, as the cause of the injuries, do not conflict with the proposition above laid down. See *Williams* v. *Southern Ry. Co.*, 126 *Ga.* 710 (55 S. E. 948); *Watts* v. *Colonial Stages Co.*, 45 *Ga. App.* 115 (163 S. E. 523), and cit.