HILLIS v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads**: LIABILITY FOR MONEY OF PASSENGER LOST ON SLEEPING CAR. Plaintiff and his sister were the only passengers on defendant's sleeper. Plaintiff, when he entered the car, had $500 in bills in an envelope in his overcoat pocket. Soon after entering the car, he took off his overcoat and gave it to the porter, leaving the money in the pocket, and the porter hung it in plaintiff's berth. Shortly after this the car was derailed and thrown upon its side. It took fire, but the fire was soon extinguished. After plaintiff had made his way out of the car, he told the brakeman and the porter that his overcoat was in the car, with $500 in the pocket, and that had he tried to enter the car, but that the porter had prevented him; but the porter and brakeman both denied that they had prevented him. When the coat was delivered to him, the money was gone. There was no evidence that plaintiff had, before the accident, notified any of the defendant's employes that he was carrying the money, nor that he had paid for the risk of its carriage, nor that any of defendant's employes had any authority to assume any risk concerning it, nor that any of them had taken the money. *Held*—

   (1) That plaintiff carried the money at his own risk, so far as the acts of third persons, or even ordinary negligence on the part of the defendant, or its employes, was concerned. (See cases cited in opinion.

   (2) That the occurrence of the accident, and the alleged notice to the porter and brakeman, put no liability on defendant which did not before exist.

   (3) That if plaintiff relied upon gross negligence of the defendant as a ground of liability, on the theory that there was a gratuitous bailment, he was bound both to aver and prove such gross negligence, and the burden was not on defendant to negative it.

*Appeal from Polk Circuit Court.*

MONDAY, JUNE 27.

ACTION to recover for money alleged to have been lost by

plaintiff through the negligence of defendant. Verdict and, judgment were rendered for defendant, and plaintiff appeals.

*Cole, McVey & Clark,* for appellant.

*Wright, Cummins & Wright,* for appellee.

ADAMS, CH. J.— Plaintiff, with his sister, was a passenger on the night train of defendant, March 1, 1881, from Des Moines to Keokuk, Iowa. They were in the sleeping car which was owned and operated by defendant, and were the only passengers in the car. The plaintiff testifies that, when he entered the car, he had in his overcoat pocket $500 in bills in an envelope. He expected to give this money to a brother to invest in cotton for him. The plaintiff had ample money elsewhere about his person for all traveling expenses. Soon after entering the car, he took off his overcoat, and gave it to the porter, leaving the $500 in the pocket, as he says, and the porter hung it in the plaintiff's berth. Soon after, and when about three miles from Prairie City, by some accident, the sleeping car and another car were derailed, and the sleeping car was thrown upon its side. It took fire, but the fire was soon extinguished.

The plaintiff testified that, after he had made his way out of the car, he told the brakeman and the porter that his overcoat, with $500 in it, was in the sleeping car, and that he tried to go into the sleeping car, but that the porter would not permit him to do so. Both the porter and brakeman deny that they prevented him from going into the sleeping car. When the overcoat was delivered to him, no money was found in the pocket. There is no evidence that the plaintiff intimated to any of the defendant's employes that he was carrying the money in question until after the accident, or that the plaintiff paid for the risk of its carriage, or that any of the defendant's employes had any authority to assume any responsibility whatever with reference to this money, either before or after the accident, or that any of them took

the money, or any of it. The verdict of the jury was for the defendant, and on this appeal is decisive against the plaintiff as to the facts upon which there was conflict in the evidence. We consider the law well settled that the defendant, as a common carrier of passengers, is not liable for this money. The plaintiff carried it at his own risk, so far as the acts of third persons, or even ordinary negligence on the part of the defendant, or of its employes, was concerned. *National Bank v. Railroad Co.*, 20 Ohio St., 259; *Weeks v. N. Y. & N. H. Railroad Co.*, 72 N. Y., 50; *Alling v. Boston & A. Railroad Co.*, 126 Mass., 131; *Michigan Cent. R'y Co. v. Carrow*, 73 Ill., 348.

Up to the time of the accident, plaintiff had the money in his own custody. Nothing had occurred to change the nature of the risk or liability. The occurrence of the accident, and the alleged notice given by plaintiff to the porter and brakeman of defendant that this money was in the car, put no liability on defendant that did not exist before the accident; for there is no evidence whatever that they had authority to assume any liability for this money. The occurrence of the accident did not extend the contract, because in that event defendant would have been responsible for this money immediately on the occurrence of the accident.

The plaintiff's position is that, after the accident, the defendant became a gratuitous bailee of this money; and while, in case of gratuitous bailment, it is admitted that the bailee is *ordinarily* liable for only gross negligence, yet it is claimed that the defendant became such bailee by reason of this accident, and hence by reason of his own wrong, and that, therefore, the defendant should be held to a higher degree of diligence. The error in all this is that defendant was entitled to be notified of this money in the outset, and to be paid accordingly, if responsibility was to arise in case of an accident. It should have a right to protect itself against accident in its own way, and not be subject to a hazard of which it had no knowledge and which it had no reason to anticipate.

At least, we are justified in saying that the simple occurrence of the accident is not enough to change the rule as to the degree of care required, if defendant is to be considered a gratuitous bailee of this money.

In *Lloyd v. West Branch Bank*, 15 Pa. St., 172, a package of notes had been left with defendant's cashier as a special deposit, without permission of the directors of defendant, and without compensation. It was held that the law would not imply a contract between the depositor and the defendant for the safe-keeping of such deposit, in the absence of gross negligence or bad faith on the part of defendant. Such deposit was outside the regular business of the defendant.

The case of *Leach v. Hale*, 31 Iowa, 69, is cited and relied upon by the plaintiff, but it does not seem to us to be in point. The transaction in that case was within the business of the bank. The case at bar seems to fall more nearly within the ruling in *First Nat. Bank v. Ocean Bank*, 60 N. Y., 278, (284.)

The plaintiff asked an instruction which was intended to bear upon the question of gross negligence. The rule of the instruction is that, in considering the care and diligence required in the transportation of property, regard should be had for the value of the property, the facility and temptation which there might be for stealing it, and the danger, in general, of its being lost. The court refused this instruction, and the plaintiff assigns the refusal as error. It might be conceded that the rule of the instruction is correct; but we think it was embraced, in substance, in the fourth and thirteenth instructions given by the court.

The plaintiff asked an instruction in these words: " If the jury find that the money of the plaintiff passed into the possession and control of the defendant by reason of the accident, as detailed in the evidence, then the burden of proof will be upon the defendant to show by a preponderance of the testimony that the failure to return the same was not by reason of its gross negligence." The court refused to give this

instruction, and the refusal is assigned as error. In our opinion, the court did not err. The law would not, we think, presume gross negligence; and, if the plaintiff relied upon it as a ground of liability on the part of the defendant, upon the theory that there was a gratuitous bailment, the plaintiff should, we think, both aver and prove the gross negligence.

A large number of questions has been presented, which we do not think it necessary to specifically consider.

The court submitted the case to the jury upon the theory that the jury might find that there was a gratuitous bailment, and might find the defendant liable if it was guilty of gross negligence. This theory, we think, was quite as favorable to the plaintiff as the law justified, if not more so. Upon this theory the case appears to have been fairly submitted, and the jury found against the plaintiff; and we think that that disposed of the plaintiff's claim.

AFFIRMED.