GEORGE W. WILSON, Respondent, v. BALTIMORE & OHIO
RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, November 13, 1888.**

**Damages:** MONEY STOLEN ON SLEEPING CAR. In a suit against a railway company for money alleged to have been stolen from a passenger occupying a sleeping car, either through negligence on the part of the company, or theft by its servants, the plaintiff's right of recovery is limited to such sum as would be reasonably necessary for the travelling expenses of himself and family accompanying him, regard being had to the extent and purpose of his journey and to his condition in life. If there be no evidence tending to show what was such a reasonably necessary sum, there can be no recovery of more than nominal damages.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES A. SEDDON, Judge.

REVERSED AND REMANDED.

*Pollard & Werner*, for the appellant.

'he circuit court erred in refusing to give the jury the following instruction, asked by appellant: "The court instructs the jury that a passenger has no right to expose a carrier, operating a sleeping car, in which he travels, to extraordinary liability, and that if he undertakes a journey which would require an amount of money for travelling expenses larger than a reasonably prudent man would ordinarily carry upon his person under such circumstances, it would be his duty to convert the excess thereof into drafts, certified checks or letters of credit, or some form other than currency." *Root v. Sleeping Car Co.*, 28 Mo. App. 199; *Blum v. Pullman Co.*, 3 Cent. L. J. 591. The verdict in this case is excessive, irrespective of what may be found by this court to be plaintiff's "destination," in legal

contemplation. That plaintiff was only entitled to recover reasonable travelling expenses to destination was conceded. What was his destination, and what such reasonable travelling expenses would amount to, were in dispute. We repeat, then, that if plaintiff's destination be regarded as Benton, Ark., or even beyond, the verdict should have been for nominal damages only, owing to the utter failure to introduce any proof from which the damages could be computed with ordinary certainty; that if the destination be regarded as St. Louis, the verdict should have been for the defendant; and that in any view of the case the amount of the verdict, considered in the light of the law as stated in instruction number six asked by defendant and given by the court, is grossly excessive. *Root v. Sleeping Car Co.*, 28 Mo. App. 199; *Blum v. Pul. Co.*, Flipp. U. S. C. C. 500; Thompson's Car. of Pass. 511.

*Christian & Wind*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiff in this action seeks to recover the sum of six hundred and seventy dollars, which he alleges was either stolen from him during the night by defendant's servants, or, in consequence of their carelessness and negligence in not keeping a sufficient watch, stolen from him by persons unknown, while he was a passenger on the defendant's sleeping car between Cincinnati and St. Louis. The answer was a general denial. The plaintiff had a verdict and judgment for the sum of six hundred and seventy dollars.

The evidence showed that the plaintiff was a farmer; that he left Franklyn, New York, where he had formerly resided, for the purpose of going by way of St. Louis to Benton, in Arkansas, where he intended to stop and look for a farm or dairy to purchase, if he could find a place to suit him; that he was accompanied by his wife and two small children; that when he left Franklyn, he took in his pocket-book, which he carried in his trousers pocket, enough money to carry him and his

family to St. Louis, and also about four hundred dollars in bank exchange; that in another pocket-book he placed the sum of six hundred and seventy dollars in currency, which he carried in his inside vest-pocket; that when he and his family arrived at Cincinnati, he engaged a section in a sleeping car of the defendant; that he and his little boy took the upper berth, and his wife and little girl the lower berth; that about half-past five in the morning, he got up to go to the water-closet, leaving his pocket-book, which contained the six hundred and seventy dollars, in his inside vest-pocket under his pillow; that when he got up he observed the porter of the sleeping car (a colored man) and another person seated in the seat opposite to his section, and that the porter spoke to him; that he soon returned from the water-closet and again went to bed; that about six o'clock his wife called to him to know what time it was; that he thereupon reached under his pillow for his vest to look for his watch, and found that his pocket-book, which he had carried therein, was missing; that he immediately notified the porter, who proceeded to overhaul his bed for the purpose of finding it; that in doing so, the porter took his bed down and made it up, shaking out each separate piece of the bed-clothing, when he finally found it, or pretended to find it, lying on the floor under the lower berth, but with no money in it. The evidence offered by the defendant as to the circumstances of the plaintiff getting up and going to the water-closet substantially corroborates that of the plaintiff, and also shows that the person who was seated with the porter in the opposite seat was a brakeman. As to the manner of finding the pocket-book the testimony substantially agrees with that of the plaintiff. The plaintiff testified that he requested the train conductor to search the passengers, and that the latter refused, claiming that he had no authority to do so; but the conductor testified that he offered to do so, beginning with the plaintiff and his family, but that the plaintiff's wife objected, saying in substance that it would do no good.

As already stated, the plaintiff had with him money enough to take himself and family through as far as St. Louis, where he had relatives whom he had some thought of visiting; and there was no evidence tending to show how much money would be required to take him and his family through to Benton, though it appeared that Benton is about twenty-two miles south of Little Rock.

The principles which must govern this case were carefully laid down by this court in the late case of *Root v. N. Y. Cent. Sleeping Car Co.*, 28 Mo. App. 199. Under the principles laid down in that case, the plaintiff could not charge the defendant with liability, either on the theory of loss through negligence or by the theft of its servants, with a greater sum than was reasonably necessary for his travelling expenses, regard being had to the purpose of his journey and to his circumstances in life. This, of course, would include the necessary travelling expenses of himself and his family. There was no evidence that he had any objective point in view beyond Benton, Arkansas, to which point he had shipped such effects as he did not take with him. There was no evidence of the distance between St. Louis and that place; nor of the railway fare, nor of the probable expenses which such a party as that of the plaintiff and his family would have to incur on such a journey. There was therefore no evidence to justify the jury in finding that any sum was necessary for this purpose, and we have often said that we will not sustain verdicts based upon mere conjecture and surmise. Especially was there no evidence which could justify the jury in finding that the sum of six hundred and seventy dollars was reasonably necessary for this purpose. It is true that what is a reasonable amount of money for a traveller to take with him on a journey is a question of fact for a jury (*Root v. Sleeping Car Co.*, *supra*, and cases cited); but it is a question of fact which they cannot decide without evidence, and as there was no evidence on the point, the verdict should have been limited to nominal

damages. For this reason the judgment must be reversed.

As the case must go back for another trial, we deem it proper to make some further observations on the record. The evidence in this case eliminates the question of negligence from it entirely, because the plaintiff's own evidence shows that he was grossly negligent in leaving his pocket-book containing the large sum of six hundred and seventy dollars in currency in his vest-pocket under his pillow while he went to the water-closet, when the most ordinary dictates of prudence would have suggested to him the precaution of putting his vest on and taking it with him. On this point we do not deem it necessary to do more than repeat the observations which we made in the case of *Root v. Sleeping Car Co.*, *supra*. Although contributory negligence was not pleaded, yet an unavoidable inference of it arose out of the plaintiff's own testimony, and if his action had been grounded upon negligence alone, it would have been the duty of the court to direct a verdict for the defendant, as was prayed at the close of his case. For the same reason, in instructing the jury at the close of the whole case, it would be the duty of the court to exclude the element of negligence entirely.

We cannot say that there was no evidence which would authorize the court to put the case to the jury on the question whether or not the plaintiff's money had been stolen by the defendant's servants. A loss under such circumstances must generally be proved, if at all, by circumstantial evidence ; and we are not prepared to say that, for the purposes of a civil action, there was not evidence sufficient to take the case to the jury, though in a criminal case, where guilt must be established beyond a reasonable doubt, it would not be so.

We see no error in refusing the defendant's eighth instruction, as it was a mere argumentative extension of an instruction which the court gave.

With the concurrence of all the judges, the judgment must be reversed and the cause remanded.