DANIELS *v.* THE WESTERN & ATLANTIC RAILROAD COMPANY.

ATKINSON, J.—1. It is the duty of a railway company to carry its passengers safely to their destination, stop a sufficient length of time to allow them to leave the train in safety, and provide a suitable place for their so doing.

2. If, under any circumstances, a railroad company is under a duty to render an infirm passenger physical personal assistance in alighting from a train, yet as the evidence in the present case fails entirely to show such a state of facts as would require the rendering of such assistance to the plaintiff, the verdict was right upon the substantial merits of the case, and if the charge complained of was in any respect erroneous, it is not, in this case, cause for a new trial.      *Judgment affirmed.*

August 16, 1895. Brought forward from the last term.

Action for damages. Before Judge MILNER. Whitfield superior court. April term, 1894.

The testimony for plaintiff was to the following effect: In January, 1893, she bought a ticket from Dalton to Ringgold. Being infirm and weak in her hands, they

being drawn with rheumatism, her son Ed. helped her on the train, and the colored porter on the train helped her on the car. Ed. told this porter that his mother was going to Ringgold and was sick, and would need help in getting off the cars at Ringgold. The porter said he would help her off, that it was his or the road's business to do this. Ed. tried to notify the conductor, but failed. In getting off the cars at Ringgold, plaintiff fell and was injured. No one helped or offered to help her off. It was, according to her testimony, two or three feet from the steps to the ground; according to the testimony of others, from fourteen to twenty inches. The ground was smooth. For the defendant it appeared, that neither the conductor, his flagman nor the baggage-master knew anything about the infirmity of the plaintiff; none of them but the conductor knowing she was on the train, and he only seeing her as she handed him her ticket. The place was a safe place to alight. The flagman saw her attempting to get off; she seemed to have hold of the railing and to step off; her foot gave way and she fell on her left side. There was a verdict for defendant, and plaintiff excepted to the following instructions in the charge of the court: " The only duty on the defendant in this case, placed there by law, was to safely carry the plaintiff to Ringgold and allow her a reasonable time to get off the train, and to furnish a safe place to get off the train. If you find that plaintiff or her son notified the porter of the condition of plaintiff's health, and that the porter agreed to assist her off the train, this promise would not affect defendant's liability in any way. It is not incumbent on defendant to assist infirm persons in getting on or off the train. The defendant is bound to receive every person offering to go and to pay the usual fare; but it is a duty, outside of a contract, of a person needing assistance, to get such assistance outside of defendant's employees."

B. Z. Herndon and W. K. Moore, for plaintiff.

R. J. & J. McCamy, for defendant.