## SOUTHERN RAILWAY COMPANY *v.* REEVES.

1. Ordinarily it is no part of the duty of the employees of a railway company in charge of passenger-train to assist passengers to alight therefrom; but this duty on their part may arise when the circumstances are such as to suggest to them the necessity of assistance. Whether in a given case the circumstances were such as to suggest the necessity of assisting a passenger to alight is a question to be determined by the jury.

2. While a carrier of passengers may not be held to so high a degree of care in the matter of keeping and maintaining stational facilities as in the act of transportation, it is the duty of such a carrier to see that all reasonable precautions are adopted to insure both the safety and comfort of persons who are on the premises as passengers. The carrier must exercise at least ordinary care and caution with respect to such matters.

3. Carriers of passengers are bound to exercise extraordinary diligence for the preservation of the lives and persons of their passengers, but the rule of extraordinary diligence applies only to the receiving, keeping, carrying, and discharging of passengers.

4. While a railroad company may be bound to exercise only ordinary care and diligence in the construction and maintenance of stational facilities, it is bound to exercise towards a passenger extraordinary diligence while he is in the act of alighting from the train.

5. The charges complained of were, when read in the light of the entire charge, not erroneous for any of the reasons assigned. The charge when taken as a whole seems to be in accord with the principles above stated.

6. The evidence, though conflicting, was sufficient to authorize the verdict, and there was no error in refusing to grant a new trial.

Argued November 18, — Decided December 12, 1902.

Action for damages.    Before Judge Janes.    Polk superior court. January 18, 1902.

The following appeared from testimony introduced by the plaintiff: She was a passenger on a train on the defendant's railroad,

with a ticket to Aragon station. Just before the train arrived at that station, the conductor came into the car in which she was seated, and, as he passed her, looked at her and said, "Aragon the next station." When the train stopped at the station she went to the platform of the car, preceded by several other passengers, and with her daughter, a child seven years of age, immediately in front of her. The conductor stood on the ground and assisted the other passengers to alight. There was no platform at that place on which they could alight. In stepping from the car they stepped on a stool placed on the ground, and it was a long step from the lowest step of the car-platform to the stool. After the conductor had assisted the plaintiff's daughter to alight, he turned, with his back toward the plaintiff, and was talking to other persons. She was weak, and waited for some time for him to assist her. As he did not do so, she stepped downward, holding the railing of the platform on each side. When she put her foot on the stool, it turned, and she slipped and fell with so much force that her hold on the railing was broken loose. In consequence of the fall she sustained serious injuries, which were described. The earth was loose and soft at that place, and the stool was on a loose clod. The testimony introduced by the defendant conflicted with that of the plaintiff in material particulars. The petition alleged that the defendant was negligent in not providing a suitable place for the plaintiff to alight, and in not furnishing her assistance in alighting, there being no platform, the ground being soft and a long distance from the bottom step of the car, and the stool unfitted for the use to which it was being put.

There was a verdict against the defendant for $2,000. The exceptions were to the overruling of the defendant's motion for a new trial, which alleged that the verdict was contrary to law and the evidence, and that the court erred in charging as follows: "A carrier of passengers is bound to extraordinary diligence, on behalf of itself and its agents, to protect the lives and persons of its passengers. A carrier of passengers is bound to use extraordinary diligence in protecting the lives and persons of its passengers." "The duty of the railroad begins when the passenger boards the train, and is not ended until the passenger is safely landed from the train."

*Shumate & Maddox* and *Fielder & Mundy*, for plaintiff in error. *Westmoreland Brothers, J. C. Clark*, and *Bunn & Trawick*, contra.

COBB, J.  The principles stated in the headnotes seem to be clearly deducible from the following decisions of this court: *Central Railroad Co.* v. *Perry*, 58 *Ga.* 461 (3); *Central Railroad Co.* v. *Thompson*, 76 *Ga.* 770 (2); *Daniels* v. *Railroad Co.*, 96 *Ga.* 786; *Atlanta Consolidated St. R. Co.* v. *Bates*, 103 *Ga.* 333 (2), 347; *Wilkes* v. *Railroad Company*, 109 *Ga.* 794.  The evidence, though conflicting, was sufficient to authorize a finding that the plaintiff was injured while attempting to alight from one of the trains of the defendant, that this injury resulted from the fact that the step of the car was a long distance from the ground, which was soft, and that the stool used for the purpose of enabling her to alight was set upon ground which was soft, and when the plaintiff stepped upon the stool it overturned and threw her, causing injuries which were painful and serious.  The motion for a new trial complains that the verdict was contrary to the evidence, and also that the court erred in giving certain instructions to the jury.  When the charge is taken as a whole, the extracts upon which error is assigned were not erroneous for any of the reasons set forth in the motion for a new trial, and the evidence authorized the verdict.

*Judgment affirmed.  All the Justices concurring, except Lumpkin, P. J., absent.*