### 3259. Southern Railway Company v. Crabb.

RUSSELL, J. 1. "The allowance rightfully to be made for indiscreet conduct under excitement and alarm can better be determined by the jury than by the court." *Smith* v. *Wrightsville & Tennille R. Co.*, 83 *Ga.* 671 (10 S. E. 361).

2. Whether the agents of a railroad company were negligent, or exercised extraordinary diligence, in the case of a passenger seeking to enter a train, as well as the comparative negligence of the passenger and the agents of the carrier in contributing to or preventing injury, is a question for determination by a jury; and the finding of the jury is not to be disturbed, if there is any reasonable inference, from the facts and circumstances in proof, which support the verdict.

3. The duty of extraordinary diligence for the safety of passengers, which rests upon a carrier in behalf of a passenger who has purchased a ticket and is seeking to enter the train for the purpose of being transported to his destination, and whether extraordinary diligence requires that a passenger be assisted in entering a train, may be dependent upon the circumstances and conditions surrounding the passenger, the location of the tracks, the height of the steps or platform, and other facts of the particular case. If, in the exercise of extraordinary care, it should be necessary for the safety of a particular passenger, in an emergency, that the passenger be assisted in mounting the steps, or otherwise aided, in entering the train, then it would become the duty of the carrier to assist the passenger.

4. The instruction of the court upon the subject of contributory negligence, when taken in connection with the entire charge, was a brief but clear presentation of the correct rules upon that subject as applied to the evidence in the case; being substantially similar to an instruction approved by the Supreme Court in *Southern Railway Co.* v. *Wallace*, 133 *Ga.* 553 (3), (66 S. E. 370, 30 L. R. A. (N. S.) 401).

5. The assignments of error based upon the failure to charge upon contributory negligence in the language of the code do not authorize a reversal. The principles referred to in these assignments of error were presented to the jury, and if fuller instructions were desired, they should have been requested.

6. The evidence authorized the verdict, and there was no error in refusing a new trial.       *Judgment affirmed. Pottle, J., not presiding.*
                   DECIDED FEBRUARY 24, 1912.

Action for damages; from city court of Polk county—Judge Irwin. February 18, 1911.

*Trawick & Ault, John L. Tison, Maddox, McCamy & Shumate,* for plaintiff in error.

*I. F. Mundy, W. W. Mundy,* contra.