### 5509. MIZE v. SOUTHERN RAILWAY COMPANY et al.

WADE, J. 1. It is the duty of a railway company to provide at its stations sufficient and reasonably safe means to enable passengers to alight from cars without danger, and to stop its cars at a place where prudent persons may safely descend therefrom. Where a train of a railway company passes a station or the usual place for passengers to alight, or stops short thereof, and the carrier requires a passenger to alight without assistance, in an unusual and unsafe place, it will be liable for any injury resulting therefrom. 2 Moore on Carriers (2d ed.), 1231-1233, and authorities there cited.

2. Where the relation of carrier and passenger is once established, it continues until the passenger is safely deposited at his point of destination, unless it be terminated by the voluntary act of the passenger, or by the carrier under circumstances which would justify such a course. *Brunswick & Western R. Co.* v. *Moore*, 101 *Ga.* 684 (28 S. E. 1000). "It is the duty of a railway company to carry its passengers safely to their destination, stop a sufficient length of time to allow them to leave the

train in safety, and provide a suitable place for their so doing." *Daniels* v. *W. & A. Railroad Co.*, 96 *Ga.* 786 (22 S. E. 956). In fact, the duty of discharging a passenger rests upon the carrier that undertakes to convey him to an agreed destination. *Southern Railway Co.* v. *Reeves,* 116 *Ga.* 743 (42 S. E. 1015); *Georgia Railroad Co.* v. *Rives,* 137 *Ga.* 376 (73 S. E. 645); *McBride* v. *Georgia Railway & Electric Co.*, 125 *Ga.* 515 (54 S. E. 674); *Atlanta Railroad Co.* v. *Holcombe,* 88 *Ga.* 9 (13 S. E. 751).

3. It is ordinarily no part of the duty of the employees of a railway company in charge of a passenger-train to assist passengers to alight therefrom, though this duty on their part may arise when the circumstances are such as to suggest to them the necessity of assistance. *Southern Railway Co.* v. *Reeves, Georgia Railroad Co.* v. *Rives,* supra.

4. Where sleeping-cars not owned by the railway company are a part of a train, and are attached to it presumably in the interest of the railway company, the railway company is still bound by its ordinary obligations and liabilities as a common carrier of passengers to those who make use of the accommodations afforded by the sleeping-cars. In all matters relating to the passenger's safety, the conductor, the porter, and other servants of such cars are the servants of the company of whose train the cars are for the time being a part. *Dwinelle* v. New York Central &c. R. Co., 120 N. Y. 117 (24 N. E. 319, 8 L. R. A. 224, 17 Am. St. R. 611, 44 Am. & Eng. R. Cas. 384); *Thorpe* v. New York Central &c. R. Co., 76 N. Y. 402 (32 Am. R. 325); *Pennsylvania R. Co.* v. *Roy,* 102 U. S. 451 (26 L. ed. 141, 1 Am. & Eng. R. Cas. 225); *Evansville R. Co.* v. *Athon,* 2 Ind. App. 295 (33 N. E. 469, 51 Am. St. R. 303); *Williams* v. *Pullman Palace Car Co.,* 40 La. Ann. 417 (4 So. 85, 8 Am. St. R. 538); *Kinsley* v. *Lake Shore &c. R. Co.,* 125 Mass. 54 (28 Am. R. 200); *Wilson* v. *Baltimore &c. R. Co.,* 32 Mo. App. 682; *Bevis* v. *Baltimore &c. R. Co.,* 26 Mo. App. 19; *Hillis* v. *Chicago &c. R. Co.,* 72 Iowa, 228 (33 N. W. 643); *Louisville &c. R. Co.* v. *Ray,* 101 Tenn. 1 (46 S. W. 554, 11 Am. & Eng. R. Cas. (N. S.) 174).

5. Where a passenger of the Southern Railway Company purchased a ticket of the Pullman Company entitling her to ride in a Pullman car, which was a part of the train in which she was a passenger over the line of the railway company, and, on reaching her destination after dark, was "ordered to alight from said car" by "the person who had charge of said car," and did alight at an unusual, unsafe, and dangerous place (the train having stopped short of the station), and thereby suffered injuries, her right of action, if any, was against the railway company, and not against the Pullman Company.

*Judgment affirmed. Roan, J., absent.*

DECIDED SEPTEMBER 23, 1914.

Complaint; from city court of Miller county—Judge Geer. January 13, 1914.

The action was against the Southern Railway Company and the Pullman Company, for injuries alleged to have been received by the plaintiff while alighting at Rockmart, Georgia, from a Pullman coach, which formed a part of the train of the Southern Rail-

way Company. As to the Pullman Company the suit was dismissed on general demurrer; and the case came to this court on exceptions to that judgment.

*I. F. Mundy, W. W. Mundy,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, Ault & Wright, Maddox, McCamy & Shumate, John L. Tison, Bunn & Trawick,* for defendant.