# Rogers, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroad companies—Pullman cars — Pullman employees—Liability of railroad company for negligence of Pullman employee—Passenger—Stepping from car.*

1. The law will not permit a railroad company engaged in the business of carrying persons for hire, through any device or arrangement with a sleeping car company, whose cars are used by the railroad company and constitute a part of its train, to avoid the duty of providing proper means for the safe conveyance of those whom it has agreed to carry.

2. A railroad company is answerable for the negligence of a Pullman employee, resulting in injury to a passenger, although such employee was not in the employ of the railroad company, in the absence of any knowledge by the passenger that the Pullman car was not under the management of the railroad company, and it is not material that the Pullman car was managed by the Pullman company under an independent contract with the railroad company. A passenger may assume, in the absence of notice to the contrary, that the whole train is under one management.

3. Where in an action against a railroad company to recover damages for injuries sustained by a passenger who was attempting to alight from a Pullman car at a regular station, after the train had come to a full stop, it appeared that the night was dark and that the porter of the car had failed to have a stool at the foot of the car steps to enable plaintiff to dismount in safety, although stools were usually placed at the foot of the steps of such cars to take the place of a lower step, the contention of the defendant that the plaintiff could not recover because the porter was the employee of the Pullman company and not of the railroad company, and that plaintiff was guilty of contributory negligence, was without merit. The case should have been submitted to the jury and the entry of a nonsuit was error.

Argued Jan. 14, 1918.    Appeal, No. 206, Jan. T., 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1916, No. 536, refusing to take off nonsuit, in case of Joseph M. Rogers v. Philadelphia and Reading Railway Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Samuel Scoville, Jr.,* with him *Arthur Kitson, Jr.,* for appellant.—As a passenger on a train belonging to this defendant, plaintiff was entitled to safe egress from this train, whether he was riding in a Pullman or in an ordinary passenger car, and it was for the jury to say whether under the circumstances the defendant was negligent in not supplying a stool for this passenger: Fern v. Pa. R. R. Co., 250 Pa. 487; Leedom v. Philadelphia & R. Ry. Co., 52 Pa. Superior Ct. 598; Truesdell v. Erie R. R. Co., 99 N. Y. Supp. 694; Younglove v. Pullman Co. et al., 207 Fed. Rep. 797.

Under the circumstances of this case, the Pullman porter was the agent of the defendant and it was for the jury to say whether he was negligent: Coleman v. Pa. R. R. Co., 242 Pa. 304; Williams v. Pullman Palace Car Co. et al., 4 Southern Rep. 85; Lockhart v. Lichtenthaler, 46 Pa. 151.

It could not be held as a matter of law that the plaintiff was guilty of contributory. negligence: Fern v. Pa. R. R. Co., 250 Pa. 487.

*Wm. Clarke Mason,* for appellee.—A railroad company is not responsible for an injury to a passenger due to a fall resulting from the failure of a porter of a Pullman car to place a stool at the step of the car in which the passenger was traveling on a special contract with the Pullman company instead of in a day coach furnished by the railroad company to alight from which no stool was necessary: Coleman v. R. R. Co., 242 Pa. 304; Murray v. Philadelphia & Reading Ry. Co., 249 Pa. 126.

The plaintiff was guilty of contributory negligence: Rothchild v. C. R. R. Co. of N. J., 163 Pa. 49; Coburn v. P., W. & B. R. R. Co., 198 Pa. 436; Hopkins v. West Jersey & G. R. R. Co., 225 Pa. 193; Flinn v. Pittsburgh Rys. Co., 234 Pa. 335.

OPINION BY MR. CHIEF JUSTICE BROWN, March 4, 1918:

The appellant was a passenger in a Pullman car which formed part of a train operated by the Philadelphia and Reading Railway Company on one of its lines. In attempting to alight from the car at ten o'clock at night, after the train had come to a full stop at a regular station, he fell, and, in this action for compensation for the injuries sustained, he charges them to the negligence of the Pullman car porter in failing to have a stool at the foot of the car steps to enable him to get off in safety. He testified that the night was quite dark; that after the train had stopped he followed the porter out to the platform of the car; that he put out a foot to step on what

he supposed would be a stool, which, in his experience, was always placed at the foot of the high Pullman car steps to take the place of a lower one.; that the stool was not there, and he went down in a fall under the platform and struck some portion of the car.   At the close of his case counsel for defendant moved for a nonsuit, on two grounds:  (1) The plaintiff had not shown that the defendant had any connection whatever with the cause of the accident; and (2) he was guilty of contributory negligence.   The motion for the nonsuit was granted, for the reason that the trial judge was of opinion that the plaintiff's cause of action was not against the defendant, but against the Pullman Palace Car Company.

That the appellant's injuries resulted from the negligence of the Pullman car porter does not seem to be questioned, and that the defendant company is answerable for the consequence of his negligence, in the absence of any knowledge by the appellant that the Pullman car was not under the management of the defendant company, is not an open question.   The well-settled and universally recognized rule as to the liability of a railroad company for the negligence of a conductor or porter on a Pullman car, forming a part of one of the company's regular trains, is thus stated in Moore on Carriers, edition of 1914, page 67:  "The business of running drawing room, or palace or sleeping cars in connection with ordinary passenger cars has become one of the common incidents of passenger traffic on the leading railroads of the country.   These cars are mingled with the other cars of the company, and are open to all who desire to enter them, and who are willing to pay a sum in addition to the ordinary fare, for the special accommodation afforded by them.   They are owned in most instances, though not always, by corporations other than those operating the trains, such corporations making a business of the ownership and management of such cars.   But they form a part of the train and are put on presumably in the interest of the railroad company, and the railroad company,

as a rule, cannot relieve itself of its obligations and liabilities as a common carrier of passengers to those who make use of the accommodations afforded by such sleeping and palace or drawing room cars.   In all matters relating to the safety of the passengers the conductor, porter, and other servants of such cars are the servants of the company of whose train the cars are for the time being a part.   A passenger may assume, in the absence of notice to the contrary, that the whole train is under one management."   In support of this, vide the following cases cited in a foot note by the learned text writer, at page 68: Dwinelle v. New York Cent., Etc., R. Co., 120 N. Y. 117; Thorpe v. New York Cent., Etc., R. Co., 76 N. Y. 402; Pennsylvania R. Co. v. Roy, 102 U. S. 451; Evansville, Etc., R. Co. v. Athon, 2 Ind. App. 295; Williams v. Pullman Palace Car Co., 40 La. Ann. 417; Kinsley v. Lake Shore, Etc., R. Co., 125 Mass. 54; Wilson v. Baltimore, Etc., R. Co., 32 Mo. App. 682; Bevis v. Baltimore, Etc., R. Co., 26 Mo. App. 19; Hillis v. Chicago, Etc., R. Co., 72 Iowa 228; Louisville & N. R. Co. v. Ray, 101 Tenn. 1; Ulrich v. New York Cent., Etc., R. Co., 108 N. Y. 80; Cleveland, Etc., R. Co. v. Walrath, 38 Ohio St. 461.   We quote from but one of the foregoing cases.   In holding that a railroad company was liable for the negligence of a Pullman car porter, which resulted in injuries to a passenger, Mr. Justice HARLAN said, in Pennsylvania Company v. Roy, supra: "The law will conclusively presume that the conductor and porter, assigned by the Pullman Palace Car Company to the control of the interior arrangements of the sleeping car in which Roy was riding when injured, exercised such control with the assent of the railroad company.   For the purposes of the contract under which the railroad company undertook to carry Roy over its line, and, in view of its obligation to use only cars that were adequate for safe conveyance, the sleeping car company, its conductor and porter, were, in law, the servants and employees of the railroad company.   Their negligence, or the negligence of

either of them, as to any matters involving the safety or security of passengers while being conveyed, was the negligence of the railroad company.   The law will not permit a railroad company, engaged in the business of carrying persons for hire, through any device or arrangement with a sleeping car company whose cars are used by the railroad company, and constitute a part of its train, to evade the duty of providing proper means for the safe conveyance of those whom it has agreed to convey."   It is difficult to understand how it can be seriously contended that the law in this State is not in accord with what is thus announced by the highest judicial authority.   It is, and always has been, the same with us, and neither of the cases cited by counsel for appellee expresses a contrary view, or has any bearing upon the question before us.   All that was decided in Coleman v. Pennsylvania Railroad Company, 242 Pa. 304, and Murray v. Philadelphia & Reading Railway Company, 249 Pa. 126, was that, though a Pullman car porter is not a railroad passenger, in the ordinary sense of the word, he is nevertheless entitled to the rights of a passenger so far as his safe transportation is concerned.

In granting the motion for a nonsuit the court below did not pass upon the question of the appellant's contributory negligence.   We need only say of it, as it is renewed here, that on the case as developed, it was for a jury to say whether the appellant had not exercised due care under the circumstances.

The third assignment of error is sustained and the judgment is reversed with a procedendo.