9080. GEORGIA SOUTHERN & FLORIDA RAILWAY Co. *v.* CORRY.

WADE, C. J.    1. "Where sleeping-cars not owned by the railway company are a part of a train, and are attached to it presumably in the interest of the railway company, the railway company is still bound by its ordinary obligations and liabilities as a common carrier of passengers to those who make use of the accommodations afforded by the sleeping-cars. In all matters relating to the passenger's safety, the conductor, the porter, and other servants of such cars are the servants of the company of whose train the cars are for the time being a part." *Mize* v. *Southern Ry. Co.*, 15 *Ga. App.* 265 (4), 266 (82 S. E. 925), and numerous cases there cited.

2. Where one purchased a ticket entitling him to occupy a berth in a Pullman car which constituted a part of the train in which he was a passenger over the line of the railway company, and the porter in charge of the sleeping-car, upon whom rested the duty of arousing each passenger therein in time for him to prepare to disembark at his destination, though explicitly and repeatedly requested to so awake him and though promising to arouse him at his destination, negligently failed to do so, and he was carried beyond it and was put off, by the conductor in charge of the train, at a small station 20 miles beyond his destination, where he was compelled to remain for some hours, without sufficient protection from the inclemency of the weather, by reason of which he contracted a severe illness and suffered physical and mental distress, a right of action was set forth against the railway company.

(*a*) The porter and other servants of the sleeping-car were servants of the carrier for the time being as to all matters relating to the *safety* of the passengers therein.

(*b*) The injury sued for did not result through an intervening agency "not invoked or brought into play by the defendant," but flowed directly from, and was the natural or proximate result of, the alleged negligence on the part of the carrier. *Western & A. R. Co.* v. *Jackson,* 21 *Ga. App.* 50 (93 S. E. 547, 551).

3. The court did not err in overruling the general demurrer and the various special demurrers to the petition as finally amended.

*Judgment affirmed. Jenkins and Luke, JJ., concur,*

Decided June 12, 1918. Rehearing denied July 9, 1918.

Action for damages; from city court of Tifton—Judge Price. July 16, 1917.

*J. E. Hall, Guyton Parks, C. J. Bloch, R. D. Smith,* for plaintiff in error.

*J. S. Ridgdill, B. C. Williford,* contra.