# Rogers v. Philadelphia & Reading Railway Co., Appellant.

*Negligence—Railroad companies—Pullman cars—Pullman employees—Liability of railroad company for negligence of Pullman employee—Passenger—Stepping from car.*

1. A railroad company is answerable for the negligence of a Pullman employee, resulting in injury to a passenger, although such employee was not in the employ of the railroad company, in the absence of any knowledge by the passenger that the Pullman car was not under the management of the railroad company, and it is not material that the Pullman car was managed by the Pullman company under an independent contract with the railroad company. A passenger may assume, in the absence of notice to the contrary, that the whole train is under one management.

*Negligence—Damages—Future expenses for treatment.*

2. Where the evidence, in a negligence case for personal injuries, shows the value of medical services already rendered the injured person, and that such service will be required in the future, the jury may determine from the past service, and its value, what may reasonably be required in the future, although there is no other evidence of the value of the future services, and better evidence is not reasonably available.

Argued Jan. 15, 1919. Appeal, No. 69, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1916, No. 536, on verdict for plaintiff in case of Joseph M. Rogers v. Philadelphia & Reading Railway Company. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Shoemaker, J. See Rogers v. Philadelphia & Reading Ry., 260 Pa. 430.

The court charged in part as follows: .

[We have to find in the first instance that this defendant company was negligent in the manner in which their servant acted in placing that stool in a position in which it was apparently customary for porters to place stools on Pullman palace cars, and the position in which the

plaintiff said he had been accustomed to finding it in, in the long experience of his travels. If you find that that was negligence and that the evidence here fails to show that Mr. Rogers was negligent, then your verdict ought to be for the plaintiff.]   (4)

[He is also entitled to recover whatever you think he may be required to spend in the future on account of his injury.]   (5)

[It has been testified here by Dr. Wilson, an expert, and by Dr. Fisher, that this is a permanent injury, the result of which is not one which will cause Mr. Rogers a permanent loss, so far as work is concerned, but has an effect upon his general health, because the man was an active man, and by reason of his inability to take exercise as he formerly did, it would affect his health; how far that is an element of damages is for you. There are no specific figures given and you will have to exercise your judgment from this evidence what he has already expended and what it is likely to be necessary to spend, as the physicians have testified.]   (6)

Defendant presented, among others, these points:

"1. Under all the evidence in this case your verdict must be for the defendant." Answer: Declined.   (7)

"3. I charge you that if you find under the evidence that the accident was due to negligence on the part of the Pullman car porter in failing to have a stool at the foot of the car steps, but if you also find that the plaintiff had an opportunity to ride in the day coach furnished by the railway company, and instead of doing so entered into a special contract with the Pullman Palace Car Company to give him the additional luxuries of a Pullman car, and further find that he knew that the Pullman car was in charge of the conductor and porter employed by the Pullman company, and that these men were not in the service of the railway company, then the plaintiff would not be entitled to recover from the railroad company, and your verdict must be for the defendant." Answer: I decline, for this reason, because

there is no evidence that any special contract was made by the plaintiff with the Pullman company with knowledge that he was relieving the defendant from its duty to him as a passenger.  (8)

Verdict and judgment for plaintiff for $5,000.  Defendant appealed.

*Errors assigned,* among others, were (4-8) above instructions quoting them.

*Wm. Clarke Mason,* for appellant, cited on the question of damages: Peters v. Bessemer, etc., Railroad Co., 225 Pa. 307.

*Samuel Scoville, Jr.,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 3, 1919:

Plaintiff, Joseph M. Rogers, sued the Philadelphia & Reading Railway Company, alleging negligence, which caused him physical injuries, and recovered a verdict; judgment was entered thereon and defendant has appealed.

On a prior appeal by plaintiff, from a judgment of nonsuit (Rogers v. P. & R. Ry. Co., 260 Pa. 430), we ruled, as to Rogers's alleged contributory negligence, that, "on the case as developed, it was for a jury to say whether appellant had exercised due care under the circumstances."  The contention now is that "the record in the case at bar is a very different record from the one which went to the Supreme Court after the judgment of nonsuit"; but, after reading the testimony on both trials, we cannot so view the matter.  On the contrary, there is no essential difference in regard to any material point; hence, so far as plaintiff's alleged contributory negligence is concerned, it is unnecessary to further discuss the facts.

The evidence upon the present record shows that, for forty years, plaintiff had used Pullman cars; that he

purchased transportation, and a Pullman ticket, which entitled him to travel from Chicago to Philadelphia on defendant's railroad, in a Pullman car; that the train consisted of both Pullman and passenger coaches, and he took his place in one of the former; that the car in which he rode had a porter in attendance, whose failure to put a stepping-stool in its customary place, upon the arrival of the train at plaintiff's destination, caused the accident for which suit was brought.

On the evidence just outlined, defendant requested the trial judge to charge that, if the accident was due to negligence on the part of the Pullman porter, and the jury should find plaintiff had an opportunity to ride in a day coach, but, instead of doing so, "entered into a special contract with the Pullman Palace Car Company to give him the additional luxuries of a Pullman car," and should further find he knew such car "was in charge of the conductor and porter employed by the Pullman company and these men were not in the service of the railway," then their verdict must be for defendant. The court declined the request, stating, "there is no evidence that any special contract was made by plaintiff with the Pullman company with knowledge that he was relieving defendant from its duty to him as a passenger." In view of the lack of evidence to show any such special contract as mentioned in the point, it was properly refused, under the law as laid down by us in our opinion on the former appeal, which need not be repeated here.

The assignments of error criticize several excerpts from the charge, which it would serve no useful purpose to state in extenso; as to these, it is sufficient to say that, when taken with their context, and the charge as a whole, it is apparent they present no reversible error. As already indicated, the evidence was insufficient to fix plaintiff with knowledge that the entire train, so far as he was concerned, was not under the management of the defendant railroad; when this fact is kept in mind, it is plain the instructions of the trial judge and his

answers to points followed Rogers v. P. & R. Ry. Co., supra.

Defendant contends error was committed in instructing the jury that, should they find for plaintiff, they might properly include in their verdict "whatever you think he may be required to spend in the future" for medical treatment "on account of his injury"; because, defendant argues, the evidence in the case was insufficient to show what such prospective expenses would amount to. While plaintiff did not undertake to show, in dollars and cents, exactly how much money he·would have to spend for future treatment to alleviate his pain and suffering, he points to testimony which tends to prove he was permanently injured and will have to continue under the care of several doctors, whose bills, showing periods of attendance, charges, etc., to date, were offered in evidence and accepted at the trial; and this, under the authorities, fully justifies the instruction complained of.

In Amos v. Delaware River Ferry Co., 228 Pa. 362, 369, answering a contention that, where it was not shown with any degree of certainty how long an injured person would be subject to medical treatment, such treatment should not be considered, in estimating damages, we said: "In this, as in all elements of damage which have regard to the future, it is a question of likelihood as to continuance, but that is always for the jury; a sufficient basis was here afforded by the evidence for an intelligent judgment, and that was all that was required": see also Scurlock v. City of Boone, 142 Iowa 685, which rules that "Where the evidence in a personal injury action shows the value of medical services already rendered the injured person, and that such service will be required in the future, the jury may determine from the past service, and its value, what may reasonably be required in the future, although there is no other evidence of the value of the future services"; and Sotebier v. St. Louis Transit Co., 203 Missouri 702,

to like effect. The latter was a case similar to the one at bar, in that, owing to the nature of the injuries, it would not have been reasonably possible to show precisely the cost of future medical treatment.

The trial judge, under the circumstances, did all that was required of him when he called the jury's attention to plaintiff's condition, the medical testimony in the case, and the lack of specific figures as to the cost of future treatment, with the instruction that they would have to exercise their best judgment, from the evidence as to plaintiff's condition and his prior expenditures for treatment, as to what "it is likely" he will have to spend in the future on that score.

The several assignments of error are overruled, and the judgment is affirmed.