Dixon, Appellant, *v.* Pennsylvania Railroad
Company.

Argued March 11, 1930.

Before TREXLER, P. J., KELLER, LINN,
GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*James J. Logan,* and with him *Harry M. Brooks,* for
appellant, cited: Rogers v. Phila. & Reading Railroad
Co., 263 Pa. 429.

*George Ross Hull,* of *Snyder, Miller and Hull,* and with him *Cochran, Williams and Kain,* for appellee.— It is the duty of a passenger boarding or alighting from a train, to use reasonable care and diligence, and to take ordinary precautions for his own safety: Weaver v. Pennsylvania R. R. Co., 212 Pa. 632; Murray v. Phila. Rapid Transit Co., 292 Pa. 72; Coburn v. Phila. etc. R. R. Co., 198 Pa. 436.

OPINION BY LINN, J., April 18, 1930:

Husband and wife sued to recover for injury sustained by the wife in alighting from a train; the jury rendered a verdict for her; the court in banc granted defendant's motion for judgment n. o. v. on the ground of her contributory negligence; she has appealed.

After the train stopped in the station at York, the porter placed the portable step-box in position below the car-steps to furnish continuous stepping facilities from the car platform to the station platform. According to plaintiff's account, no one but the porter preceded her down the steps; the only passenger behind her was a niece who alighted without interfering with the freedom of plaintiff's movement from the train. The porter, plaintiff says, having taken down the baggage "beckoned for me to come down the step. He extended his hand that he was ready for me to alight ...... I started and walked down the car steps, and when I came to the last step, I held out my hand to the porter. He had his hand extended to me and then I fell or stepped off of the last step." She had then not yet reached the porter's hand. From where she had stood "at the head of the steps," she states, "you couldn't see the exact position of it [the step-box] from the top step." She had frequently travelled on Pullman cars and was accustomed to alight by means of such portable step-box. The one used in this case was offered in evidence; it was 10¾ inches high; 12 x 14 inches on top; 18 x 20½ inches at the base; and

it was in good order. She also described the occurrence as follows: "Q. ....... and you just stepped into space? A. Yes. Q. And you had not gotten the porter's hand? A. No. Q. And you don't know where the box was? All you know is that you just stepped off and fell, is that correct? A. That is it; that is right. Q. Why didn't you look to see where the step-box was? A. I was looking at the porter. I had already seen the porter place the step-box and then I looked to take the porter's hand. Q. Well, you saw the porter put the step-box down? A. Certainly. Q. At the time when you were up on the platform? A. Certainly. Q. Why didn't you look at the step-box when you were on the last step and about to step off? A. Because I felt assured that the porter had placed the box in the right position. It was more for me to look at his hand and to receive assistance from him. ...... Q. But you didn't look did you? A. No."

She was in good health, was not carrying anything, and there was nothing to interfere with the freedom of her movements in alighting.

The allegations in the statement of claim are (1) that defendant employed an incompetent porter with knowledge at the time that he was incompetent, and (2) that the step-box "was not at the place it should have been" and that she was not warned of that fact. No evidence to support the first averment was produced. The evidence offered to support the second has been stated, and it is obvious from her own account of the accident, that she saw the step-box, of the type in general use, placed on the platform for use, but that she descended from the platform of the car without looking where she was stepping (looking at the porter instead) and, unfortunately, fell. The cases clearly hold that such conduct is contributory negligence; Murray v. P. R. T. Company, 292 Pa. 72, 73; Twersky v. Pa. Railroad Co., 261 Pa. 6. In Murray v. P. R. T. Company, supra, it was said, "we rule the

case on the testimony relied on by appellant, which shows that she either attempted to use the step [mechanically movable step of a street car] without observing its position at the time, or that, seeing the step was not in proper position, she took the chance of using it and was hurt.'' To the same effect are the following decisions cited from other jurisdictions: Scott v. V. S. and P. R. Co., 150 La. 90 So. 840-844; Young v. M. P. Ry. Co., 93 Mo. App. 267, 276; Spray v. M. P. Ry. Co., (Kan.) 211 Pac. 1112.

This accident happened in ''broad daylight'' as plaintiff says; she saw the porter place the step-box where it was when she started from the car platform but did not look where she was stepping, when she should and might have done so, and for want of that care, was injured; these facts distinguish Rogers v. P. & R. Ry. Co., 260 Pa. 430 and 263 Pa. 429, in which it appeared that no step-box was furnished and that it was so dark that Rogers could not see clearly where he was stepping, and made contributory negligence a question for the jury.

Judgment affirmed.