24879. METTS *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

116

DECIDED OCTOBER 28, 1935. REHEARING DENIED NOVEMBER 16, 1935.

*Carl F. Hutcheson, Robert B. Blackburn,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendants.

SUTTON, J. The plaintiff was a passenger on a train operated by the defendants from Augusta to Atlanta. She was accompanied by two minor children, whose fare was paid. Upon arriving at her destination, and the train stopping, the conductor called "All out for Atlanta," and plaintiff and her children prepared to alight from the train. When plaintiff then attempted to disembark from the car and on reaching the last step leading from the vestibule to the platform of the depot, the same being about three feet above the platform, which was too great a distance for her to make in one step or stride, but which she did not know, and plaintiff having with her a three-year-old child at the time, she missed her footing, stepped into mid air, stumbled and fell to the platform. The injuries sued for resulted. Plaintiff alleges that it was the duty of the defendants, she being a paid passenger and they being common carriers for hire, to furnish her with adequate facilities to disembark from the train and with a safe place to alight therefrom, that the defendants should have had an employee at the place to assist her in getting off said train or should have placed a stool under the step for her to step upon in getting off, that she relied upon the defendants to perform this duty, and that as a result of their failure so to do she was injured, which failure she charges as negligence. The court sustained a general demurrer and to this judgment plaintiff excepts.

1. A railroad company is bound to exercise extraordinary diligence toward a passenger while he is in the act of alighting from the train. *Southern Ry. Co.* v. *Reeves,* 116 *Ga.* 743 (4) (42 S. E. 1015). The liability of a carrier of passengers begins at the starting point, and does not end until the passenger is discharged.

*Brunswick & Western R. Co.* v. *Moore,* 101 *Ga.* 684 (28 S. E. 1000). It is the duty of a railroad company to provide at its stations suitable, sufficient, and reasonably safe means to enable passengers to alight from cars without danger. *Daniels* v. *W. & A. R. Co.,* 96 *Ga.* 786 (22 S. E. 956); *Mize* v. *Southern Ry. Co.,* 15 *Ga. App.* 265 (82 S. E. 925); *Central R. Co.* v. *Thompson,* 76 *Ga.* 770. See also *Central R. &c. Co.* v. *Perry,* 58 *Ga.* 461 (3); *Central R. Co.* v. *Whitehead,* 74 *Ga.* 441; *Atlanta &c. R. Co.* v. *Bates,* 103 *Ga.* 333 (2), 347 (30 S. E. 41); *Wilkes* v. *W. & A. Railroad Co.,* 109 *Ga.* 794 (35 S. E. 165). When, upon a train coming to a stop at the plaintiff's destination, the conductor called, "All out for Atlanta," this indicated that the conductor was ready for the plaintiff to disembark from the car, and she had a right to assume that a safe place for her to alight had been furnished by the defendants. *Central R. Co.* v. *Thompson, supra.*

2. Ordinarily there is no duty upon a carrier to assist a passenger in boarding or alighting from its train. *W. & A. R. Co.* v. *Earwood,* 104 *Ga.* 127 (29 S. E. 913); *Southern Ry. Co.* v. *Reeves, supra; Southern Ry. Co.* v. *Hobbs,* 118 *Ga.* 227 (45 S. E. 23, 63 L. R. A. 68); *Tucker* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 387 (50 S. E. 128); *Central of Ga. Ry. Co.* v. *Madden,* 135 *Ga.* 205 (69 S. E. 165, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077); *Ga. & F. R. Co.* v. *Thigpen,* 141 *Ga.* 90 (80 S. E. 626); *Southern Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703); *Mize* v. *Southern Ry. Co., supra.*

(*a*) Whether in a given case the circumstances are such as to suggest the necessity of assisting a passenger to board or alight from a train or car is a question to be determined by the jury. *Southern Ry. Co.* v. *Reeves, supra; Southern Ry. Co.* v. *Wright, supra; Southern Ry. Co.* v. *Crabb,* 10 *Ga. App.* 559 (73 S. E. 859); *Central of Ga. Ry. Co.* v. *Madden, supra; Ga. R. &c. Co.* v. *Rives,* 137 *Ga.* 376 (73 S. E. 645, 38 L. R. A. (N. S.) 564).

(*b*) Where the means afforded for boarding or alighting are inadequate or unsafe, the carrier is bound to assist passengers in boarding or alighting. 55 A. L. R. 398, note *Mize* v. *Southern Ry. Co., supra.* When the steps of a car are unreasonably high from the ground, and a brakeman of the carrier knows it and perceives the need of assistance to a female passenger, it becomes his duty to assist her without a request. *L. & N. R. Co.* v. Bowman,

208 Ky. 39 (270 S. W. 471). So where it appeared that insufficient facilities were afforded a woman passenger in alighting, there being no box or stool provided, and the car step being a high one, the question whether the conductor failed sufficiently to assist the passenger was held to be properly submitted to the jury. Williams v. Galveston &c. R. Co. (Tex. Civ. App.), 196 S. W. 309. To the same effect see Moriarity v. Durham Traction Co., 154 N. C. 586 (70 S. E. 938) ; Hagerstown &c. R. Co. v. Wingert, 133 Md. 455 (105 Atl. 537). So where railroad employees see that assistance is necessary to enable a woman passenger encumbered with a baby and baggage to alight in safety from a train, it is their duty to render it. Southern Ry. Co. v. Laxson, 217 Ala. 1 (114 So. 290, 55 A. L. R. 385). See Illinois C. R. Co. v. Cruse, 123 Ky. 463, 96 S. W. 821 (8 L. R. A. (N. S.) 299, 13 Ann. Cas. 593). In Southern Ry. Co. v. Crabb, 10 Ga. App. 559 (73 S. E. 859), it was held that "whether extraordinary diligence requires that a passenger be assisted in entering a train, may be dependent upon the circumstances and conditions surrounding the passenger, the location of the tracks, the height of the steps or platform, and other facts of the particular case. If, in the exercise of extraordinary care, it should be necessary for the safety of a particular passenger, in an emergency, that the passenger be assisted in mounting the steps, or otherwise aided, in entering the train, then it would become the duty of the carrier to assist the passenger."

3. Ordinarily questions of negligence and diligence are for determination by the jury under the laws of this State. Southern Ry. Co. v. Slaton, 41 Ga. App. 759 (3) (154 S. E. 718) ; Brown v. Savannah Electric Co., 46 Ga. App. 393 (167 S. E. 773). Under the allegations in the petition a sufficient case was made for submission to the jury. The court erred in sustaining the general demurrer and dismissing the action.

Judgment reversed. Jenkins, P. J., and Stephens, J., concur.